365 So.2d 220 (1978)
Donald Dominick ROMANELLO, Appellant,
v.
STATE of Florida, Appellee.
Alan ISELY, Appellant,
v.
STATE of Florida, Appellee.
Nos. 77-2205, 77-2215.
District Court of Appeal of Florida, Fourth District.
December 13, 1978.
*221 Kenneth R. Mikos of Friedrich, Kersten, Blackwell & Mikos, Fort Lauderdale, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles A. Stampelos, Asst. Atty. Gen., West Palm Beach, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
After the court had denied their motion to suppress the contraband which was the basis of the charge against them, the appellants were convicted of the possession of cannabis. We hold that the motion should have been granted and reverse the judgments below.
On the forenoon of February 4, 1977, the attention of two Fort Lauderdale police officers, who were each in the area entirely coincidentally, was attracted to the defendants' attempt to trailer a boat at the Seventh Avenue ramp in that city. Romanello was in a van with an attached trailer; Isely, in the boat trying to negotiate it from the water onto the trailer. Only, and admittedly, to satisfy what one called a "curiosity" aroused as a result of the men's having apparent difficulty in the operation because the vessel seemed heavily loaded, the officers  after the boat had finally been successfully trailered  approached and detained both defendants. While one policeman, Lynch, sought motor vehicle information from Romanello, the other, Hudson, asked Isely for the boater's registration. When Hudson followed Isely onto the boat, he allegedly smelled the odor of marijuana emitting from it and said that he noticed a "little glob" of marijuana on the deck. The resulting warrantless search of the boat indeed revealed a large quantity of marijuana for the possession of which both defendants were convicted.
The officers' sole reasonable bases for believing that an offense was being committed, the odor and sight of marijuana, arose only after and because of their initial stop and detention of the defendants.[1] Thus, the search may be upheld only if the stop may. And it is clear that it may not. The mere recitation of the facts which led to the defendants' detention establishes that the officers had nothing approaching the "founded or reasonable suspicion" of criminal activity required to support such conduct. Lewis v. State, 337 So.2d 1031, 1032 (Fla. 2d DCA 1976); § 901.151, Fla. Stat. (1975). Instead, the officers had only a "hunch" (although a good one, as it turned out), that is, a "bare" or "unfounded" suspicion that something was wrong, which is clearly not sufficient to validate a stop and detention. E.g., Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978), and cases cited; Whitley v. State, 349 So.2d 840 (Fla. 2d DCA 1977). Surely, the weighted down appearance of the boat and the difficulties encountered in maneuvering it, which is all the officers had upon which to base their "curiosity," cannot, in this day and age, and particularly in this location, be deemed to provide a proper "foundation" or "reasonable" basis for suspecting the existence of crime.[2] Since the motion to suppress should therefore have been granted, the judgments are reversed with directions to discharge the defendants.
Reversed and Remanded.
LETTS and BERANEK, JJ., concur.
NOTES
[1] For this reason, such cases as Miranda v. State, 354 So.2d 411 (Fla. 3rd DCA 1978) and Tamburro v. State, 343 So.2d 638 (Fla. 4th DCA 1977), which find "probable cause" for a search based on a smell of marijuana, but in which the officer was lawfully in a position to detect it, are not controlling. Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977).
[2] In much more exacerbated situations involving heavily weighted motor vehicles stopped in the dead of the night near border points in areas of known smuggling activity, the federal courts have apparently uniformly held stops and detentions to be constitutionally unjustified. United States v. Frisbie, 550 F.2d 335 (5th Cir.1977); United States v. Olivares, 496 F.2d 657 (5th Cir.1974).