396 So.2d 869 (1981)
Anthony RIZZO and 1978 Sea Ray, SERF 127909-77-300-Sb-512-8; FL 1418DL, Appellants,
v.
STATE of Florida, ex rel. CITY OF POMPANO BEACH, for the Use and Benefit of Pompano Beach Police Department, Appellee.
No. 78-1843.
District Court of Appeal of Florida, Fourth District.
April 15, 1981.
Rehearing Denied May 13, 1981.
*870 Stuart A. Tarlowe of Glass, Rastatter, Stark & Tarlowe, Fort Lauderdale, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Glenn H. Mitchell and Russell S. Bohn, Asst. Attys. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
DOWNEY, Judge.
On March 12, 1980, we issued an opinion reversing a final judgment that ordered forfeiture of the marine vessel involved in this cause. In that opinion we held that the circuit court should have granted a motion to suppress marijuana seized by the police. The State of Florida, on the relation of the City of Pompano Beach, for the use and benefit of the Pompano Beach Police Department, filed a timely motion for rehearing. We hereby grant that motion, withdraw the opinion issued March 12, 1980, and issue the following opinion affirming the judgment of forfeiture.
This litigation began in July 1978 when the Broward County State Attorney (pursuant to Sections 943.11  943.44, Florida Statutes (1977)), on behalf of the Pompano Beach Police Department, filed a petition for a rule to show cause why a specifically described marine vessel should not be forfeited to the department because the vessel had been used for the purpose of trafficking in marijuana on April 7, 1978. The petition and the undisputed evidence show that ownership of the vessel was in Anthony Rizzo, who had given as his address the address of the boatyard where he had purchased the vessel.
Pursuant to Section 943.44(2) and the motion of the State, the circuit court appointed counsel to represent Rizzo (who could not be found after a diligent search) and the vessel in the forfeiture proceeding. Defense counsel filed, on various grounds, a motion to suppress "a quantity of marijuana," presumably marijuana the police, without a search warrant, had seized from the vessel and from a dwelling.
The court held its hearing on the motion to suppress simultaneously with the final hearing on the merits of the petition for forfeiture. During the combined proceedings only the State offered evidence; defense counsel offered no evidence whatsoever as to the motion to suppress aspect or as to the forfeiture aspect of the combined proceedings. At the end of the combined *871 proceedings the court entered a final order and judgment that denied the motion to suppress and ordered forfeiture of the vessel described in the State's petition.
Appellants seek reversal on the grounds that the court should have: (a) granted, for various reasons, the motion to suppress; (b) denied the petition for forfeiture, for insufficient evidence; (c) dismissed the petition for forfeiture, because of insufficient allegations. None of the contentions has merit.
As we indicated above, the defense failed to show that Anthony Rizzo had any interest in the dwelling from which large quantities of marijuana had been seized. What is more, the evidence the State adduced shows that Rizzo gave a boatyard as his address. We therefore conclude that defense counsel did not establish that Rizzo had an expectation of privacy in the dwelling (Russell v. State, 270 So.2d 462 (Fla. 3rd DCA 1972); Coster v. State, 392 So.2d 16 (Fla. 3rd DCA 1981)), and hold that the defense failed to show Rizzo had standing to attack the search of the dwelling. The circuit court's denial of the motion to suppress was therefore correct. State v. Muzevsky, 388 So.2d 21 (Fla. 4th DCA 1980).
We further hold that the State's unobjected to proof that marijuana was transferred from the vessel to the dwelling clearly supports the circuit court's conclusion that the vessel was illegally trafficking in marijuana and therefore properly subject to forfeiture. See Kiddy v. State, 378 So.2d 1332 (Fla. 4th DCA 1980); Burris v. Bowe's Funeral Home, Ltd., 204 So.2d 257, 259 (Fla. 2d DCA 1967).
Rizzo, because he was the apparent owner of the vessel, did have standing to question the propriety of the seizure of marijuana from the vessel. However, the warrantless seizure of the marijuana from the vessel was reasonable because, as the circuit court found, the officers involved in the seizure reasonably believed that "an illegal drug operation was taking place" in their presence; they therefore had grounds to arrest the individuals they reasonably believed were committing a felony. Section 901.15(3), Florida Statutes (1977).
The evidence supporting the foregoing finding of the circuit court was the unrebutted testimony the officers gave during the combined proceedings. In material part, Officer Lynch testified that his experience with marijuana transactions led him to conclude that numerous bales, which numerous persons carried from the vessel in question to a house, contained marijuana; Lynch passed his conclusion on to the officer in charge of the surveillance of the vessel and the house; and on the basis of Lynch's information the officer in charge ordered his men to arrest the persons engaged in carrying the bales from the boat to the house. Two of the persons involved in bale carrying were outside the house at the time the officers began the arrest process. An officer identified himself and told the two men to freeze; that they were under arrest. One person, Joseph Rivera, stayed where he was; the other person (who was not identified) went back into the house. The police followed and arrested that person and three others inside the house. When they got into the house they saw marijuana bales and loose marijuana in plain view. On authority of Albo v. State, 379 So.2d 648 (Fla. 1980), we hold that the foregoing evidence was sufficient to support the circuit court's conclusion that the arrests and seizures in this case were lawful. Pursuant to those lawful arrests, the officers could properly seize the marijuana bales (which were in plain view) from the vessel.
In Albo an officer saw a motor home van (driven by the defendant) commit traffic violations. He also saw that the back end of the motor home was weighted down. When the motor home pulled into a parking lot, the officer and his companion asked for the defendant's license and registration. Defendant had no registration. When one officer went to the front windshield to look for the vehicle identification number, he saw 35 to 40 bales stacked in the motor home. They were square and wrapped in burlap and plastic. From his two and one-half years' experience in narcotics investigation, *872 the officer knew the bales "to be marijuana." 379 So.2d at 649. The officers issued traffic citations and arrested defendant for possession of marijuana. After the arrest one office took the defendant's keys, entered the vehicle, and confirmed that the bales were marijuana. Defendant was convicted of possession of more than 100 pounds of marijuana, and he appealed to the Supreme Court, since the trial court ruled on the constitutionality of the marijuana statute. The court held the statute was constitutional and that the observation of the bales provided probable cause for the defendant's arrest (on the grounds that an offense was being committed in the officers' presence) and immediate seizure of the marijuana.
Payton v. New York, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), does not require a holding that the arrests on the vessel (and the seizures incident thereto) were unlawful, since Payton concerned arrests in homes, not other places. See United States v. Ponce, 488 F. Supp. 226 (S.D.N.Y. 1980).
For the foregoing reasons we affirm the final order denying the motion to suppress and directing forfeiture of the appellant marine vessel.
AFFIRMED.
ANSTEAD and HERSEY, JJ., concur.