409 So.2d 529 (1982)
STATE of Florida, Appellant,
v.
Lawrence TREPANY, James Tessmer, Gary Salzlein and Frank Vino, Jr., Appellees.
No. 81-1407.
District Court of Appeal of Florida, Fourth District.
February 10, 1982.
Rehearing Denied March 3, 1982.
Jim Smith, Atty. Gen., Tallahassee, and Stewart J. Bellus, Asst. Atty. Gen., West Palm Beach, for appellant.
*530 Joseph A. Varon of Varon & Stahl, P.A., Hollywood, for appellees.
BERANEK, Judge.
The State appeals the granting of a motion to suppress in this drug case. As the result of an anonymous phone call, the Broward County Sheriff's Office began surveillance of the residence and boat which were involved in the suppression hearing. An officer viewed the area from across a canal with the aid of a night scope and noticed that the boat was riding low in the water. After some hours, a person came onto the deck of the boat, scanned the canal area with the use of a night scope similar to that being used by the officer and left. Later, two people went below deck and started transporting bundles from the boat to the back of the house. All of this activity was carried out in darkness. Lights were not turned on in the boat or in the house. Recognizing the bales as marijuana, the officer radioed support units. These officers approached the house and detained one man who was carrying a large package into the house. Next, an officer went to the boat, identified himself, and asked anyone on board to get off. Receiving no response, the officer stepped onto the top section of the boat and shined a flashlight. Two men exited and were detained. Finally, an officer called into the house and a fourth man exited the home. The police arrested all four and then proceeded to obtain a search warrant prior to entering the house and the boat.
The trial court held that the surveilling officer lawfully observed the above occurrences and had grounds for seeking a warrant. Furthermore, the court found the warrant was legally sufficient and based upon probable cause. However, the court granted the motion to suppress because there was "no justification or support for the trespass by the police officers and the arrest and detention of the defendants prior to the obtaining of a warrant." We reverse. In its suppression order, the trial court relied on our opinion issued on March 12, 1980 in the case of Rizzo v. State Ex Rel City of Pompano Beach, whose facts were similar to this case. We granted rehearing in Rizzo and reversed our prior decision. The final holding in Rizzo was that the arrests and seizures made under similar circumstances were lawful. Rizzo v. State Ex Rel City of Pompano Beach, 396 So.2d 869 (Fla. 4th DCA 1981). Unfortunately, the trial court did not have the benefit of our opinion on rehearing. Pursuant to that opinion, we conclude the motion to suppress in this case should have been denied. The order granting suppression is vacated and the case remanded for further proceedings.
REVERSED AND REMANDED.
HERSEY and DELL, JJ., concur.