HERSEY, Judge.
The state appeals from a non-final order granting a motion to suppress certain contraband. We reverse.
Officer Marvin Roberts of the Hollywood, Florida, Police Department received an anonymous telephone call describing a boat which was being used to bring marijuana into the country and the residence where it was located. With the permission of a neighboring landowner the officer set up surveillance of the residence. The described boat was docked at the residence, but subsequently put out to sea, returning two days later. On the evening of its return Officer Roberts observed a white van back up to the front door of the residence. At about 10:45 p.m. the rear light of the house was turned on and three men came out. Richard Schneider boarded the boat and began throwing large rectangular bales covered in a dark shiny plastic substance wrapped with white tape to Carl Schneider and Thomas Eleagar.
Officer Roberts concluded that these bales contained marijuana because of their size, the manner in which they were wrapped, the sound as they hit the ground, the boat’s low position in the water, its return from the ocean that day, and the tip on the telephone. After observing ten bales being unloaded, Officer Roberts notified the other units to move in. Roberts proceeded to the back of the house where he observed that some of the bales had ripped open spilling marijuana.
The subjects were placed under arrest. Because marijuana was seen in plain view on the deck and in the cabin of the boat, the officers boarded the vessel. Ultimately eighteen bales of marijuana were seized.
The police officers observed what they had reasonable cause to believe was marijuana by virtue of a legally permissive “open view.” State v. Rickard, 420 So.2d 303 (1982). The totality of circumstances furnished probable cause for the officers to conclude that they were witnessing a felony in progress. Accordingly, they had grounds to arrest the individuals involved. § 901.15(3), Fla.Stat. (1981). Pursuant to that arrest they could properly seize the marijuana bales. Rizzo v. State ex rel. City of Pompano Beach, 396 So.2d 869 (Fla. 4th DCA 1981); State v. Trepany, 409 So.2d 529 (Fla. 4th DCA 1982).
We therefore reverse the order granting the motions to suppress and remand for further appropriate proceedings.
REVERSED and REMANDED.
BERANEK and HURLEY, JJ., concur.