DOWNEY, Judge.
The State of Florida appeals an order granting appellee’s motion to suppress evidence. We reverse.
Around midnight, a traffic controller at the Vero Beach airport received a search request from Miami regarding aircraft 1036M, flying from Puerto Rico to Orlando. Shortly thereafter, the controller received a request for landing instructions from aircraft that identified itself as 1041M, but the plane did not appear. Later the same plane, which had mistakenly landed at Ft. Pierce, requested landing instructions again and this time landed in Vero Beach. While still on the runway the aircraft turned off its lights, but turned them on again once it reached the aircraft parking area. Under the lights of the parking area, the controller could see the aircraft number, which turned out to be 1036M, rather than 1041M. The pilot inquired about purchasing fuel and was advised that none was available until morning. Upon receiving a call from a Custom’s Agent the controller suggested a law enforcement check of the aircraft was indicated.
Appellee, the pilot of the aircraft referred to, parked the plane and departed for the night. Thereafter, the police arrived at the airport, discussed the foregoing facts with the controller, and then viewed the aircraft. With the aid of flashlights, several of them peered through the plane windows and observed bales wrapped in greenish-black plastic and secured with *1177 masking tape. Believing the plane to contain contraband, they staked out the plane for the night. Around 7:00 a.m. appellant arrived, entered the terminal, and was arrested. Using appellant’s keys, the police searched the plane and found that the bales contained marijuana.
The trial judge granted appellee’s motion to suppress the contraband because he found: 1) the police did not have probable cause to make a search, 2) even if they did have probable cause, they had adequate time to obtain a warrant but failed to do so, and 3) there were no exigent circumstances to obviate the warrant requirement because the plane was secured by the police.
We respectfully suggest that all three bases for the order of suppression are erroneous.
In Adoue v. State, 408 So.2d 567 (Fla.1981), the supreme court upheld the search of an aircraft under circumstances similar to those present in the instant case. In the present case, law enforcement personnel were lawfully present in the area surrounding the aircraft, and did not violate appel-lee’s fourth amendment rights by looking through the aircraft’s windows with the aid of flashlights. Given the suspicious circumstances surrounding the arrival of appellee’s aircraft, this investigatory activity was entirely reasonable. Through the windows, several officers testified that they observed wrapped bales, which they believed contained marijuana based on their prior law enforcement experience.
In Adoue, the police officers testified that through the window they were able to see a green leafy substance protruding from a tear in one of the bundles. The court held that this “open view” observation of contraband rendered the subsequent warrantless search of the aircraft’s cabin constitutional under the doctrine of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). See also Ensor v. State, 403 So.2d 349 (Fla.1981). Moreover, the court held “[t]he fact that the plane was parked and had been secured by the police does not render the Carroll exception to the warrant requirement inapplicable.” Adoue, supra, at 571.
In contrast to Adoue, law enforcement personnel observing the packages in appel-lee’s aircraft could not actually see the contents thereof, through a tear or otherwise. What was in view were bales wrapped in greenish-black plastic secured with masking tape. We hold that under the circumstances the observation of these bales in open view was sufficient to support a warrant-less search of the aircraft and bales therein. See United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).
In Albo v. State, 379 So.2d 648 (Fla.1980), a detective looked through the windshield of a motor home, which he had cause to believe was a stolen vehicle.
He noticed thirty-five to forty bales stacked in the middle and rear portions of the motor home. The bales were square and wrapped in burlap and black plastic. Mastaler testified that through his two and one-half years experience in narcotics investigations and undercover purchases, he knew the bales to be marijuana. Albo, supra, at 649.
The bales in fact contained marijuana, and the driver was arrested. The court held that sufficient probable cause was established for a reasonable man to conclude that an offense was being committed. We conclude that the officers’ observation of bales in appellee’s aircraft, which based on their experience was consistent with marijuana packaging, constituted an open view of contraband as was present in Adoue. See Rizzo v. State Ex. Rel. City of Pompano Beach, 396 So.2d 869 (Fla. 4th DCA 1981).
In view of the foregoing, the evidence should not have been suppressed, thus mandating a reversal of the order and a remand for further proceedings.
REVERSED AND REMANDED.
BERANEK and HERSEY, JJ., concur.