STONE, Judge.
The state appeals an order granting a motion to suppress marijuana and cocaine taken from the defendant’s automobile by the police without a warrant. We reverse.
The defendant arrived at his residence, and parked on the street, while officers were conducting a search of his house pursuant to a warrant. There is some dispute as to what happened next. According to the state, two officers approached the defendant, who was standing by his car yelling. While questioning him, one of the officers observed the contraband in the car. According to the defendant, he had left the car and was at his house, when an officer on discovering the drugs told another policeman to take him inside. However, in either event it is undisputed that the officer inadvertently discovered the contraband on the front seat of the car from a lawful vantage point.
The state does not contend that the search warrant authorized the seizure of the contraband from the car, but instead *14 claims the seizure was permissible under the open view doctrine. See Ensor v. State, 403 So.2d 349 (Fla.1981); State v. Melendez, 392 So.2d 587 (Fla. 4th DCA 1981). Considering the totality of the circumstances, the officers reasonably concluded that the defendant’s vehicle contained marijuana. The drugs, under these circumstances, could then be lawfully seized without a warrant. See Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Adoue v. State, 408 So.2d 567 (Fla.1981); State v. Smith, 441 So.2d 1176 (Fla. 4th DCA 1983), rev. denied, 450 So.2d 488 (Fla.1984).
Therefore, the order granting the appel-lee’s motion to suppress is reversed and this cause is remanded to the circuit court for further proceedings.
ANSTEAD and GUNTHER, JJ., concur.