PER CURIAM.
The state appeals from a nonfinal order suppressing narcotics evidence. For the following reasons, we reverse the order under review.
Hugo Barcenas was arrested and charged with possession of cocaine. Metro-Dade police received information from an informant, which led to the arrest of Barcenas. Specifically, the informant, previously arrested on an unrelated drug charge, agreed with police to make a phone call to Barcenas to arrange a cocaine “deal” at Houlihan’s Restaurant. When a car occupied by two persons matching the description given by the informant arrived at the stated location at precisely the prearranged time, 11:00-11:30 p.m., Metro police surrounded the car. After the stop, Officer Fernandez walked up to Barcenas’s vehicle, identified himself as a police officer conducting a narcotics investigation, and asked Barcenas and his passenger to step out of the vehicle. Despite the police officer’s uncontroverted testimony that the contraband was observed in plain view in the vehicle prior to the arrest, the trial court found that an unlawful search and seizure had occurred and that the requisite finding of probable cause was lacking. We *71 hold to the contrary that Officer Fernandez made only a Terry stop of Barcenas’s vehicle based upon a founded suspicion of criminal activity providing an ample basis for a reasonable inquiry by the officer.
“Police may stop and investigate a motor vehicle when there is a ‘founded’ suspicion of criminal activity in the mind of the police officer.” Kehoe v. State, 521 So.2d 1094, 1095 (Fla.1988) (citations omitted). See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Here, the police had proof of the informant’s ability to obtain illegal drugs, the informant identified Barcenas as one of his suppliers, the informant set up a cocaine deal with Barcenas, and the police observed a car matching the description given by the informant pull into the parking lot where the sale had been arranged. Although we accept the defendant’s argument that the record does not support a finding of probable cause to arrest, the circumstances presented to the officer, cumulatively, were adequate to raise a founded suspicion of criminal activity sufficient to justify the stop in question. See Kehoe, 521 So.2d at 1096 (“To determine if there were ample grounds to give the police officers a founded suspicion of criminal activity we look at the cumulative impact of the circumstances perceived by the officers.”). The fact that the stop was accomplished by multiple officers or with guns drawn does not convert an investigatory stop into an arrest. See State v. Ruiz, 526 So.2d 170 (Fla. 3d DCA), rev. denied, 534 So.2d 401 (Fla.1988), cert. denied, — U.S. -, 109 S.Ct. 872, 102 L.Ed.2d 995 (1989).
Having concluded that the stop was justified, it is clear that Officer Fernandez properly ordered Barcenas out of the car while the drug investigation was pursued. Pennsylvania v. Mimms, 434 U.S. 106, 98 S.Ct. 330, 54 L.Ed.2d 331 (1977) (directing the occupants of vehicle out of car while officer pursues his lawful investigation is a de minimis intrusion at best); B.C. v. State, 449 So.2d 955 (Fla. 3d DCA 1984) (following lawful stop, arresting officer properly ordered juvenile out of his vehicle).
Finally, the cocaine was properly seized by the officer as it was uncontro-verted that the drugs were observed in plain sight from outside of Barcenas’s vehicle. Adoue v. State, 408 So.2d 567 (Fla.1981); Neary v. State, 384 So.2d 881 (Fla.1980); B. C. v. State, 449 So.2d at 956. For these reasons, there was no constitutional impropriety in the stop of the defendant or in anything which followed. The order of suppression under review is, therefore, reversed and the cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.