NIMMONS, J.,
dissenting,
I would reverse the order granting the motion to suppress.
Officers Burke and Collier of the Pensacola Police Department were on routine patrol at 5:43 A.M. near the Grand Hotel, known as a high crime and drug area. The officers exited their vehicle for the purpose of entering the premises. They noticed a vehicle parked legally in front of the hotel. They observed the appellant seated in the back seat of the vehicle along with a woman. Another woman was seated in the front seat on the passenger side. They were the only three occupants. Officer Burke noticed that appellant was looking at him. Burke then saw appellant moving in such a way that it appeared that appellant was attempting to put something down the rear seat of the vehicle. As the two officers approached the vehicle, they saw Brillo pads and cigarette lighters in plain view on the front seat. Officer Burke testified that he knew from his experience that these items were typically, in that area, used in connection with narcotics, particularly in the smoking of crack cocaine.
Officer Burke shined his flashlight inside the vehicle and asked the occupants what they were doing. After the woman in the front seat said that she was waiting for someone, Burke asked the occupants to step out of the car. As appellant was exiting the vehicle, he placed his hand over his right front pants pocket. A knife was sticking out over the pocket and appellant had his hand over the handle. Burke removed appellant’s hand revealing a kitchen or butcher knife, whereupon Burke placed appellant under arrest. Burke then asked Ms. Barker, the vehicle owner, if he could look in the back seat where appellant had been sitting. She consented and Burke found drug paraphernalia, including two crack pipes and a metal rod used to pack *855 crack pipes, behind the back seat where appellant had been sitting.
Appellant was charged in a three-count information with possession of cocaine, possession of drug paraphernalia, and carrying a concealed weapon. The trial court granted the defendant’s motion to suppress on the basis that there was not sufficient justification for a stop or detention.
While the cases have generally held that an individual’s furtive movements and presence in a high crime area, standing alone, are insufficient grounds to justify an investigatory stop, McCreary v. State, 538 So.2d 1377 (Fla. 1st DCA 1989), Currens v. State, 363 So.2d 1116 (Fla. 4th DCA 1978), the facts in the instant case are materially distinguishable in that Officer Burke observed what reasonably appeared to him to be drug paraphernalia sitting in plain view on the front seat of the vehicle prior to his order to the occupants to exit the vehicle. Moreover, he had the right to be where he was when he observed the paraphernalia. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Barcenas, 559 So.2d 70 (Fla. 3rd DCA 1989).
I would reverse the suppression order.