712 So.2d 458 (1998)
STATE of Florida, Appellant,
v.
Carlos D. REED, Appellee.
No. 97-1859.
District Court of Appeal of Florida, Fifth District.
June 19, 1998.
*459 Robert A. Butterworth, Attorney General, Tallahassee, and Maximillian J. Changus, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Kenneth Witts, Assistant Public Defender, Daytona Beach, for Appellee.
W. SHARP, Judge.
The state appeals from an order of the trial court, which suppressed evidence (cocaine) found hidden in appellant's (Carlos Reed's) pants by Deputy Fernandez. Fernandez searched Reed on the street sidewalk at the intersection of Ivey Lane and Gore Streets in Orlando. We reverse because we conclude, based on the findings of the trial court and the testimony presented at the suppression hearing, that Fernandez had probable cause to search Reed based solely on the smell of marijuana, which the officer detected stemming from Reed and his clothing,[1] and because at the time of Reed's arrest, prior to the search, the police deputy had probable cause to arrest Reed.
In this case, Fernandez and four other deputies arrived at the intersection of Ivey Lane and Gore Streets because of ongoing citizen complaints about narcotics violations, open container violations, gambling and public urination taking place at that location. Fernandez saw Reed standing alone on the east side of The Big B's grocery store, on Ivey Lane. He recognized Reed because of prior contacts with him relating to drug offenses. Reed appeared to be smoking a small cigar. When Reed saw the deputies getting out of their car, he threw the cigar to the ground and walked away from them.
Fernandez picked up what he believed to be the cigar Reed had just discarded. Based on his years of experience as a police officer and his training, he detected the smell of cannabis coming from the cigar. He called for Reed to come back and talk with him. Reed stopped some twenty feet away from Fernandez, turned, and walked back to him. At that point, Fernandez testified he smelled cannabis on Reed's clothing.
Fernandez testified he told Reed he could smell cannabis on him and that the cigar he had just been smoking also smelled like cannabis. He asked Reed if he had any more on him. Reed replied nojust what he was smoking.
Fernandez took Reed to the police car, handcuffed him, and told him he was under arrest. Fernandez then pulled the waist band of Reed's pants out, and saw a baggie inside which appeared to contain fifteen pieces of crack cocaine. Reed was then also arrested for possession with intent to distribute cocaine.[2] After the arrests, Fernandez performed a field test on the cigar and cocaine and obtained positive results. However a later laboratory analysis performed by Florida Department of Law Enforcement could not confirm the cigar contained cannabis.
The trial court found that there was insufficient evidence for Fernandez to have believed Reed was the person who had been smoking the cigar, or that the cigar Fernandez picked up was the one Reed threw down. *460 She concluded that in order for the deputy to have had probable cause to search Reed, there needed to be more than Fernandez' belief that the cigar and Reed's clothing smelled like marijuana.
In a number of cases,[3] this court has held that to a trained and experienced police officer, the smell of cannabis emanating from a person or a vehicle, gives the police officer probable cause to search the person or the vehicle. In this case, the odor coming from the cigar Fernandez thought Reed had thrown down, and his clothing, provided Fernandez with probable cause to suspect that criminal activity was afoot. Under these circumstances, Fernandez was lawfully entitled to search Reed's person.[4]
We agree with the trial judge, however, that had the smell emanated solely from the cigar, and not from Reed's clothing, the search of Reed's person would have rested on perilous probable cause grounds. We are also troubled by the circumstance in this case that Fernandez arrested Reed prior to the search of his person. While we have held that the smell of cannabis alone can provide probable cause to search, we do not think we have held that odor alone is probable cause to arrest a person.
In response, the state argues the inevitable discovery line of cases[5] that even though Fernandez lacked probable cause to arrest, he had probable cause to search, and thus would have found the cocaine, in any event.
We do not think we have to justify the arrest and search on those grounds because based on the circumstances in this case, Fernandez did have probable cause to arrest Reed at the time he did so. He retrieved a cigar he suspected Reed had just discarded, which smelled of burning cannabis, and when Reed returned to his presence, Fernandez detected the odor of cannabis on his person. That, plus Reed's implied admission he had been smoking the cigar and that it was cannabisin response to Fernandez' query whether he had more contraband on his persongave Fernandez probable cause to believe a crime had been committed[6] and that Reed had committed it.[7]
REVERSED.
GRIFFIN, C.J., and THOMPSON, J., concur.
NOTES
[1] State v. T.T., 594 So.2d 839 (Fla. 5th DCA 1992).
[2] § 893.13(1)(a)1, Fla. Stat. (1997).
[3] Harvey v. State, 653 So.2d 1146 (Fla. 5th DCA 1995); State v. T.T., 594 So.2d 839 (Fla. 5th DCA 1992); State v. Jarrett, 530 So.2d 1089 (Fla. 5th DCA 1988).
[4] State v. T.T.; State v. Jarrett.
[5] Nix v. Williams, 467 U.S. 431, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); Chambers v. State, 700 So.2d 68 (Fla. 5th DCA 1997); State v. McLaughlin, 454 So.2d 617 (Fla. 5th DCA 1984); State v. Walton, 565 So.2d 381 (Fla. 5th DCA 1990).
[6] § 893.13(6), Fla. Stat. (1997).
[7] See Walker v. State, 707 So.2d 300 (Fla.1997); State v. Cortez, 705 So.2d 676 (Fla. 3d DCA 1998); State v. Varnedoe, 443 So.2d 201 (Fla. 3d DCA 1983).