DAUKSCH, J.
This is an appeal from an order granting a motion to suppress evidence in a drug case.
The officer observed an automobile being driven in an erratic fashion. It was on an empty lot next to a residence and across the street from a bar. The lot was used for parking by various persons, including bar patrons, and apparently was open to public use. The officer, suspicious that the automobile might have been stolen, checked and determined it was not, but while checking the car detected the smell of marijuana emanating from a slightly open window. Peering further into the ear the officer saw a small handgun. Without obtaining a search warrant the officer broke into the car and seized the marijuana and some cocaine.
The question on appeal is whether the officers had probable cause to search the automobile and whether exigent circumstances existed to allow the search and seizure to proceed without a search warrant.
As to the first question, probable cause to search for illegal drugs, that was established when the officer smelled marijuana coming from the interior of the automobile. Although much consideration was given below to the question as to whether the car had been stolen, that was not the proper focus. Police have a duty to seize contraband they come across.
The remaining question is whether the police were obligated to go for a search warrant before they searched the car and seized the evidence. Warrantless searches are at least suspect and often unreasonable and violative of constitutional requirements. When no other course of action is available, however, a warrantless search and seizure is permissible. Movable vehicles are not the exclusive place searched without a warrant but they make up the greatest number, in fact and in case law. See Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); State v. Waterman, 638 So.2d 1032 (Fla. 2d DCA), rev. den., 649 So.2d 236 (Fla.1994); State v. Hicks, 579 So.2d 836 (Fla. 1st DCA 1991); State v. Starkey, 559 So.2d 335 (Fla. 1st DCA 1990); State v. Barcenas, 559 So.2d 70 (Fla. 3d DCA 1989), rev. den., 569 So.2d 1278 (Fla.1990); State v. Wells, 516 So.2d 74 (Fla. 5th DCA 1987); State v. Coleman, 502 So.2d 13 (Fla. 4th DCA 1986). See also Adoue v. State, 408 So.2d 567 (Fla.1981). It is not the conve nience of the police which is being catered to, nor is it an aid to more expeditious law enforcement which is being achieved. Rather, it is a recognition that occasionally circumstances render it virtually impossible, or certainly unreasonable, to require police to take excessive measures to accomplish the inevitable. For example, as here, the policeman knew there was an illegal drug in the car because he smelled it. His duty at that time was to take the drug. He could have had the car towed, impounded and secured while he got a search warrant and then broken into the car and seized the contraband. Short of that operation, or one similar, he could not have performed his duty given the mova-bility of the ear. Case law has recognized the practicalities and permitted this war-rantless search. Carroll; Waterman; Hicks; Starkey; Barcenas; Wells; Coleman.
REVERSED and REMANDED.
COBB, J., concurs specially with opinion.
W. SHARP, J., dissents with opinion.