752 So.2d 114 (2000)
STATE of Florida, Appellant,
v.
Roy Edward CHAMBLISS, Appellee.
No. 5D99-2235.
District Court of Appeal of Florida, Fifth District.
March 3, 2000.
*115 Robert A. Butterworth, Attorney General, Tallahassee, and Denise O. Simpson, Assistant Attorney General, Daytona Beach, for Appellant.
No appearance for Appellee.
GRIFFIN, J.
The state appeals an order suppressing evidence obtained during a traffic stop. The appellee was a passenger in a vehicle stopped because the tag did not match the car. When the officer approached the vehicle, he detected the "strong smell" of marijuana. He had all three occupants exit the vehicle. After back-up arrived, the appellee bolted. Before being apprehended, he took a pill bottle from his pocket and threw it (onto the roof of the police cruiser). The bottle contained cocaine, which is the subject of the suppression order.
The trial court recognized, citing State v. Reed, 712 So.2d 458 (Fla. 5th DCA 1998) and Dixon v. State, 343 So.2d 1345, 1348 (Fla. 2d DCA 1977), that the odor of marijuana emanating from the vehicle constituted probable cause to search all occupants; nevertheless, it concluded that the defendant was unlawfully detained because the arresting officer testified that he had intended to search the defendant for officer safety, even though there was no basis for suspicion that appellant was armed. The trial court's reliance on the officer's subjective intentions is misplaced in light of Whren v. United States, 517 U.S. 806, 814, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)(constitutional reasonableness of traffic stop not dependent on subjective motivations of individual officers) and Holland v. State, 696 So.2d 757, 759 (Fla.1997)(rejecting "reasonable officer" test), overruling State v. Daniel, 665 So.2d 1040 (Fla.1995). The subjective intentions of the officers aside, the odor of burning marijuana alone provided probable cause to search the defendant. Harvey v. State, 653 So.2d 1146 (Fla. 5th DCA 1995); Dixon. The detention was lawful and the evidence obtained when the defendant bolted and threw away the cocaine should not have been suppressed. We accordingly reverse and remand for further proceedings.
REVERSED and REMANDED.
THOMPSON, J., and ORFINGER, M., Senior Judge, concur.