STEVENSON, J.
The State of Florida appeals an order granting T.P.’s motion to suppress contraband found in his car and on his person. We reverse, finding that there was a sufficient basis under the Fourth Amendment to justify the detention and search.
On March 10, 2001, Deputy Robert B. Fawcett was patrolling an area in Pompano Beach known for heavy narcotics activity. Deputy Fawcett observed two males seated in an older-model Dodge sports utility vehicle (“SUV”) backed into a small parking lot at a location known for narcotics activity. The SUV was not illegally parked, and the two males did not appear to be doing anything unusual in the car.
Deputy Fawcett became suspicious, however, because he did not recognize the two as residents of that location and they were not attempting to get out of the car to go anywhere. As Deputy Fawcett drove by, both males immediately exited the SUV and started walking rapidly towards the courtyard of a house. Sensing that their quick exit was due to his appearance on the scene, the deputy pulled up in front of the SUV and got out of his car. Upon approaching the SUV, he smelled an odor of what he believed to be burnt marijuana coming from the interior of the car. According to the deputy, his opinion that the odor came from marijuana was based upon twenty years of experience as a Pompano Beach police officer and having smelled the scent of marijuana hundreds of times.
Deputy Fawcett then attempted to detain both men. T.P. stopped upon request, but the other male continued walking very rapidly through the courtyard and exited through the bushes. During the patdown of T.P.,[1] Deputy Fawcett, based upon his experience, felt what he believed to be two packages of fiber-like material. He removed the packages from T.P.’s pocket and administered a field test, which yielded a positive result for marijuana. T.P. was arrested and a subsequent search of the SUV produced additional bags of marijuana on the driver’s front floor board, where T.P. was seated. T.P. moved to suppress the evidence and statements made, alleging that the officer had no well-founded reason to detain and search him or his car. The court, relying on Romanello v. State, 365 So.2d 220 (Fla. 4th DCA 1978), granted the motion to suppress.
First, Deputy Fawcett’s decision to stop, exit his vehicle, and walk toward T.P.’s parked SUV does not give rise to any constitutional safeguards. Further, upon approaching T.P.’s car and smelling previously burnt marijuana, the officer had probable cause, based upon the smell alone, to detain and search T.P. and his vehicle for contraband. See State v. Betz, 815 So.2d 627, 683 (Fla.2002)(stating that the odor of previously burnt marijuana certainly warranted a belief that an offense had been committed and unquestionably provided the police officers on the scene probable cause to search the person and the vehicle); see also State v. K.V., 821 So.2d 1127 (Fla. 4th DCA 2002); State v. Williams, 739 So.2d 717 (Fla. 5th DCA 1999); Harvey v. State, 653 So.2d 1146 (Fla. 5th DCA 1995); Rogers v. State, 586 So.2d 1148 (Fla. 2d DCA 1991).
We, therefore, find the trial court’s reliance on Romanello to be in error. Roma-nello stands for the proposition that a person’s right against unreasonable search and seizure is violated where the officer smells the odor of marijuana, which creat *1279 ed the probable cause to search, only after illegally detaining the defendant. In Ro-manello, officers approached and detained the defendants out of “curiosity” because they were having difficulty hoisting a boat on a trailer and asked for their motor vehicle and boater’s registration information. See 365 So.2d at 221. It was only after following one of the defendants onto the boat to get the boater’s registration that the officer smelled and saw marijuana. A subsequent warrantless search revealed additional quantities of marijuana. This court found that the officers were operating merely upon a “hunch” and that they lacked reasonable suspicion to justify the initial stop and discovered the marijuana only after the initial illegal detention. See id.; accord Mullins v. State, 366 So.2d 1162 (Fla.1979); D.G. v. State, 714 So.2d 644 (Fla. 4th DCA 1998); Lower v. State, 348 So.2d 410 (Fla. 2d DCA 1977).
Unlike Romanello, here, Deputy Faw-cett testified that he detained T.P. only after he first smelled the previously burnt marijuana coming from his car, giving him probable cause to search and detain. And, contrary to T.P.’s argument, there is no evidence in the record, and he points to none, that would support the position that the officer detained T.P. prior to smelling the odor of marijuana.
Our conclusion is consistent with previous decisions of this court, and our sister courts, finding that an officer has probable cause to search a defendant, or his vehicle, after smelling the odor of burnt marijuana emanating from that vehicle. In K.V., we found that an officer who was informed by a security guard that the defendant’s car smelled like marijuana and who then observed a small cloud of smoke billow from the car as the passenger opened his door, and smelled the odor of marijuana as he approached the car, had probable cause to detain the occupants and seize the items found in the search. See 821 So.2d at 1128-29. In State v. Reed, 712 So.2d 458 (Fla. 5th DCA 1998), the court found that an officer had probable cause to search and arrest the defendant who threw a cigar to the ground upon seeing deputies exit their car, where the officer picked up the discarded cigar, detected the smell of cannabis coming from the cigar and, after calling the defendant over, smelled cannabis on his clothing. See also State v. Hernandez, 706 So.2d 66, 67 (Fla. 2d DCA 1998)(finding that officers had probable cause to stop and search each person present where officers, while driving with their car windows down, passed a large group and smelled a strong odor of marijuana emanating from the cluster of people).
Based upon the foregoing, we find that smelling the odor of burnt marijuana upon exiting his vehicle gave Deputy Fawcett probable cause to detain and search both T.P. and his car, and that the trial court erred in suppressing the fruits of that search.
REVERSED and REMANDED.
SHAHOOD and HAZOURI, JJ., concur.

. Deputy Fawcett stated that he conducted the “pat down” because the area was known for violent crimes such as shootings, stabbings, and homicides. Despite Deputy Faw-cett’s dubious subjective reasons for the pat-down, a search of T.P.'s person was justified under the circumstances.