967 So.2d 941 (2007)
STATE of Florida, Appellant,
v.
Demetrius Anthony WILLIAMS, Appellee.
Nos. 1D05-2118, 1D05-2128.
District Court of Appeal of Florida, First District.
September 14, 2007.
Rehearing Denied November 6, 2007.
Bill McCollum, Attorney General, and Bryan Jordan, Assistant Attorney General, Tallahassee, for Appellant.
Bill B. Salmon; and Tera Lee J. Peterson of Howard Lidsky, P.A., Gainesville, for Appellee.
VAN NORTWICK, J.
The State of Florida appeals an order granting the motion of Demetrius Anthony Williams, appellee, to suppress evidence obtained as the result of a warrantless search of his person following a lawful traffic stop. It is undisputed that the police officers' decision to search Williams was based solely upon their recognition of the odor of burnt cannabis emanating from Williams' vehicle. Because we hold that the odor of burnt cannabis emanating from a vehicle constitutes probable cause to search all occupants of that vehicle, we reverse and remand for further proceedings.
Williams, who was on probation, was stopped while driving a vehicle with a license plate registered to a different car. As the officers stood next to the stopped vehicle they recognized, based upon their training and experience,[1] the "strong odor" *942 of burnt cannabis emanating from the lowered passenger-side window. A third officer arrived while Williams and a passenger were being directed to exit the vehicle by the first two officers. The third officer searched Williams and found twelve bags of cannabis in his sweatshirt pocket. The state charged the appellee with the intent to sell or deliver cannabis and possession of drug paraphernalia. He filed a motion to suppress, arguing that the odor of burnt cannabis emanating from the vehicle did not provide probable cause to search his person. The trial court granted the motion after concluding that, while the officers may have had probable cause to search the vehicle, "there is no testimony indicating that . . . there was any smell of marijuana connected to Mr. Williams. . . ." Thus, the trial court ruled the officers did not have license to extend the search to Williams' person. This appeal followed.
In Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949) (quoting Carroll v. United States, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925)), the Court explained in broad terms the circumstances under which law enforcement officers may engage in a warrantless search consistent with the Fourth Amendment[2]:
Probable cause exists where "the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information (are) sufficient in themselves to warrant a man of reasonable caution in the belief that" an offense has been or is being committed.
The facts and circumstances test is objective, "viewed from the standpoint of an objectively reasonable police officer. . . ." Ornelas v. United States, 517 U.S. 690, 696, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). The United States Supreme Court, however, has not directly addressed whether a police officer's determination of the odor of burnt cannabis emanating from a vehicle is sufficient by itself to establish probable cause. See United States v. Johns, 469 U.S. 478, 481, 105 S.Ct. 881, 83 L.Ed.2d 890 (1985)("The Court of Appeals rejected the Government's contentions that the plain odor of mari[h]uana emanating from the packages made a warrant unnecessary and that respondents . . . lacked standing to challenge the search of the packages. Neither of these issues is before this Court." (citation omitted)). We conclude that under well-settled Florida law, the detection by a police officer of the odor of burnt cannabis emanating from a vehicle, by itself, constitutes sufficient "facts and circumstances" to establish probable cause to search the person of an occupant of that vehicle.
In Betz v. State, 793 So.2d 976 (Fla. 2d DCA 2001), quashed sub. nom., State v. Betz, 815 So.2d 627 (Fla.2002), Betz was searched after a lawful traffic stop because the officer smelled a "very strong odor" of burnt cannabis emanating from the vehicle and Betz's clothing and saw gray smoke within the vehicle. 815 So.2d at 629. A search of Betz's person revealed a bag of cannabis, and a search of the vehicle's trunk uncovered a second bag. The trial court denied Betz's motion to suppress the evidence obtained via both searches. The Second District affirmed the denial as to the search of Betz's person, but reversed as to the search of Betz's trunk. 793 So.2d at 977-78. On conflict review, the Florida Supreme Court addressed whether the *943 odor of marijuana detected by a police officer emanating from both the car's interior and the person of the occupant, coupled with the occupant's suspicious behavior, gave rise to probable cause to search the trunk of the vehicle. Although addressing only the appealed issue relating to the search of Betz's trunk, in its analysis the Court stated in dicta that the odor of burnt cannabis provided probable cause to search Betz's person. 815 So.2d at 633 ("`[T]o a trained and experienced police officer, the smell of cannabis emanating from a person or a vehicle gives the police officer probable cause to search the person or the vehicle.'" (quoting State v. Reed, 712 So.2d 458, 460 (Fla. 5th DCA 1998))).
In cases predating Betz, Florida appellate courts have held that the smell of marijuana emanating from a vehicle can constitute probable cause for a search without a warrant. In Berry v. State, 316 So.2d 72, 73 (Fla. 1st DCA 1975), this court explained:
When the officer approached the car he smelled marijuana smoke coming from and in the car. He, then, by the use of his sense of smell, had probable cause to arrest the Defendant, and probable cause to search the car. We hold that the use of the sense of smell by one knowledgeable as to the identity of an odor, is just as valid a basis for finding probable cause, as is the use of the other senses such as sight, feel, or taste.
Similarly, in Dixon v. State, 343 So.2d 1345, 1348 (Fla. 2d DCA 1977), the Second District reasoned, as follows:
The elements of the criminal offense of possession of marijuana are the suspect's knowledge of the presence of the contraband and his ability to maintain control over it or reduce it to his possession. The smell of marijuana and sight of smoke emanating from an automobile constitute probable cause to believe that both elements are satisfied as to all of the occupants of the vehicle and that each occupant had actual or constructive possession of marijuana. The existence of probable cause to believe that the driver of the automobile was in possession of the marijuana was particularly apparent.
(Citations omitted).
More recently, in State v. Chambliss, 752 So.2d 114 (Fla. 5th DCA 2000), the Fifth District held that "the odor of burning marijuana alone provided probable cause to search the defendant." Id. Like the present case, in Chambliss the police officer initiated a traffic stop "because the tag did not match the car." Id. at 115. Also, like the instant case, "[w]hen the officer approached the vehicle, he detected the `strong smell' of [burning] marijuana." Id. Based on Betz and Chambliss, the Fourth District has also held that the odor of burnt cannabis emanating from a stopped vehicle provides probable cause to search a person who is in the vehicle. See State v. T.P., 835 So.2d 1277, 1278 (Fla. 4th DCA 2003); State v. K.V., 821 So.2d 1127, 1128 (Fla. 4th DCA 2002).
We distinguish the cases which hold that law enforcement officers do not have probable cause to search the person of an occupant of a vehicle based solely on a trained police dog alerting to the vehicle. See, e.g., Williams v. State, 911 So.2d 861 (Fla. 1st DCA 2005). Generally, a trained dog's alert on a vehicle may constitute probable cause to search the vehicle. See Denton v. State, 524 So.2d 495, 498 (Fla. 2d DCA 1988). While a trained narcotics dog's keen sense of smell makes the animal a valuable resource for law enforcement, see generally, Robert C. Bird, An Examination of the Training and Reliability of the Narcotics Detention Dog, 85 Ky. L.J. 405, 408-09 (1997), the dog's superior olfactory sense also enables it to "detect not only the presence of drugs, but *944 also the fact that drugs have been present in a particular location at some time in the recent past." State v. Griffin, 949 So.2d 309, 318 (Fla. 1st DCA 2007)(Padovano, J., concurring). Thus, the possibility of the detection of residual odors "is a very good reason to hold that a dog alert does not justify a search of the driver or passengers." Id.; see also Matheson v. State, 870 So.2d 8, 13 (Fla. 2d DCA 2003)("The presence of a drug's odor at an intensity detectable by the dog, but not by the officer, does not mean that the drug itself is present. An officer who knows only that his dog is trained and certified, and who has no other information, at most can only suspect that a search based on the dog's alert will yield contraband. Of course, mere suspicion cannot justify a search.").
Because a human's olfactory sense is weak as compared to a dog's, however, there is less risk that a police officer will smell residual odors when no drug is present. As one commentator has observed:
If the odor is strong enough for a human to be able to detect it with his comparatively weak olfactory powers, there is arguably a stronger showing of probable cause because of the greater likelihood that contraband is currently present. Whereas a dog may detect a very faint trace of an odor that indicates only the prior presence of contraband in the area searched, human detection of the odor will necessarily only occur when the odor is stronger than that necessary for a canine to alert. In order for the odor to be strong enough to be detected by a human, there will be either a substantial quantity of contraband in the immediate area or the contraband will have been exposed to the air fairly recently. It follows, then, that a human will be less likely than a dog to detect the odor of contraband when there is none present.
Michael A. Sprow, Wake Up and Smell the Contraband: Why Courts That Do Not Find Probable Cause on Odor Alone Are Wrong, 42 Wm. & Mary L.Rev. 289, 310-11 (2000). Thus, where, as here, an experienced police officer smells the odor of burnt cannabis, the risk of smelling residual odors is not present and the odor itself provides the basis for probable cause. Accordingly, we REVERSE and REMAND for further proceedings consistent with this opinion.
ALLEN and POLSTON, JJ., concur.
NOTES
[1] The record reflects that the officer who testified at the evidentiary hearing was familiar with the odor of marijuana, had attended classes regarding marijuana, and had been involved in over 100 cases involving marijuana.
[2] We are required to follow the United States Supreme Court's interpretation of the Fourth Amendment. See Art. I, § 12, Fla. Const.; Bernie v. State, 524 So.2d 988, 990-91 (Fla. 1988).