EVANDER, J. The State appeals an order granting Robert Harris’ motion to suppress, arguing that the trial court erred in concluding that the investigatory stop at issue was unsupported by reasonable suspicion. This court has jurisdiction. Fla. R. App. P. 9.140(c)(1)(B). Because the undisputed facts establish that the arresting officers had reasonable suspicion to believe that Harris had violated Orange County’s public nudity ordinance, we reverse. At approximately 4:45 p.m., while sitting in an unmarked police car, Corporal Wasserman observed Harris drive into the parking lot of a restaurant located in unincorporated Orange County. Harris exited the car and urinated into the parking lot. Corporal Wasserman observed Harris’ exposed penis and also observed cars “coming and going” on the street adjacent to the parking lot. Corporal Wasserman then requested that Deputy Chouinard, who was nearby in a marked patrol vehicle, enter the lot and make contact with Harris. As Harris began to walk away from his vehicle, he was commanded to stop by Corporal Wasserman. Deputy Chouinard approached Harris and detected a strong odor of cannabis emanating from Harris’ person. A subsequent search resulted in the discovery of brass knuckles in Harris’ pants pocket.[1] Harris was subsequently charged with unlawfully carrying a concealed weapon by a convicted felon.[2] At the suppression hearing, Harris argued that the investigatory stop initiated by Corporal Wasserman lacked reasonable suspicion because urinating in a parking lot was not criminal. Although recognizing that Orange County had a public nudity ordinance, Harris argued that the purpose of the ordinance was to curb harmful secondary effects of adult entertainment establishments and was not intended to apply to the instant case. The trial court accepted Harris’ argument, found that the arresting officers lacked reasonable suspicion to support an investigatory stop, and granted Harris’ motion to suppress. Orange County’s public nudity ordinance provides that subject to certain exceptions not applicable here, “it shall be unlawful for any person to knowingly or intentionally appear nude in a public place ....” Orange County, Fla., Code of Ordinances § 26-26(e) (2016). Displaying or exposing the male genitals was specifically included within the ordinance’s definition of appearing “nude.” Id. § 26—26(d)(2). A “public place” was defined to encompass any location open to the common and general use, participation or enjoyment of the public where the public is present or likely to be present, or any location where the public is invited and is free to go upon special or implied invitation, or any location where a person may reasonably be expected to be observed by the public. A public place includes, but it is not limited to, a street, sidewalk, ... business or commercial establishment ... [or] restaurant .... Id. § 26-26(d)(5). A violation of the ordinance was punishable by fine or imprisonment. Id. § 26-26(g); Orange County, Fla., Code of Ordinances § 1—9(c) (2016). Police may conduct an investigatory stop if reasonable suspicion exists to believe that an individual “has committed, is committing, or is about to commit a crime.” Popple v. State, 626 So.2d 185, 186 (Fla. 1993) (citing § 901.151, Fla. Stat. (1991)). An investigatory stop requires “a well-founded, articulable suspicion of criminal activity.” Id. Here, the evidence presented at the suppression hearing re flected that Corporal Wasserman observed Harris exposing his penis in a restaurant parking lot at approximately 4:45 p.m. As a result, the officer had reasonable suspicion to believe that Harris had committed a crime by violating Orange County’s public nudity ordinance. Accordingly, the trial court erred in granting Harris’ motion to suppress. REVERSED and REMANDED. BERGER and WALLIS,' JJ, concur. . "[T]o a trained and experienced police officer, the smell of cannabis emanating from a person or a vehicle[ ] gives the police officer probable cause to search the person or the vehicle.” State v. Reed, 712 So.2d 458, 460 (Fla. 5th DCA 1998). . § 790.23, Fla. Stat. (2016).