394 So.2d 1139 (1981)
STATE of Florida, Appellant,
v.
Willie Frank LAWSON, Appellee.
No. 80-555.
District Court of Appeal of Florida, Fourth District.
March 11, 1981.
*1140 Jim Smith, Atty. Gen., Tallahassee, and Robert L. Bogen, Asst. Atty. Gen., West Palm Beach, for appellant.
Stephen R. Keroff of Keller & Keroff, P.A., West Palm Beach, for appellee.
HERSEY, Judge.
The state appeals from an order granting a motion to suppress evidence. The only witness at the suppression hearing was Police Officer Mark Alexander. The facts on which the order was based were of necessity derived from his testimony.
According to Officer Alexander, on the evening of January 2, 1980, at approximately 10 o'clock, he and his partner observed a Ford Thunderbird parked in front of a "No Loitering" sign in the private parking lot of the Florida Bar. Although the car had been parked for at least five minutes, defendant and a passenger continued to occupy it.
The Florida Bar is located in a high crime area. Because problems frequently developed from persons loitering in the parking lot, "No Loitering" signs were posted by the management and the police were given permission to prevent loitering. Therefore, the officers approached defendant's vehicle and advised the occupants that they would have to go in the bar or leave the area.
The passenger immediately departed. Defendant stepped out of the vehicle and in doing so revealed a brown paper bag on the front seat. Officer Alexander asked defendant what was in the bag, whereupon defendant seized it and hurriedly left the area, leaving the car door open.
Officer Alexander entered the automobile to look for evidence of ownership. There he observed a plastic bag containing white powder, subsequently identified as cocaine. He also found a rental agreement between the defendant and Hertz Corporation and the defendant's drivers license.
The trial court found that the officers believed the vehicle had been abandoned and that the contraband discovered was in plain view. However, the court also found that the vehicle was lawfully parked, that the officers were without knowledge as to how long the occupants were sitting in the vehicle, and that the officers never afforded the defendant an opportunity to dispel any alarm or concern by asking him to identify himself or explain his presence and conduct. *1141 Based on these latter findings, the court held that the initial "stop" was invalid as violative of the Stop and Frisk law and that therefore the search was illegal. All items taken from the vehicle were suppressed.
Appellee argues that the ruling on the motion to suppress comes to this Court clothed with a presumption of correctness. Further, appellee claims that this court is required to resolve any doubt as to the reasonableness of the search in favor of a defendant whose property was searched regardless of the trial court's ruling. We concur with both propositions. The problem comes in applying those propositions to this case.
The act of defendant in hastily leaving the scene without saying a word to the police officers sufficiently evidences an intention to abandon the vehicle. See Sharpe v. State, 370 So.2d 42 (Fla. 1st DCA 1979). Thus, Officer Alexander had a lawful right to be in the car investigating its ownership and could validly seize the cocaine which was in plain view. Neary v. State, 384 So.2d 881 (Fla. 1980); Byrd v. State, 380 So.2d 457 (Fla. 1st DCA 1980). Even if the evidence was not in plain view, the officer had a right to search once the property was abandoned so that there was no longer a reasonable expectation of privacy cognizable by our jurisprudence. State v. Oliver, 368 So.2d 1331 (Fla. 3d DCA 1979) cert. dism. 383 So.2d 1200 (Fla. 1980). Classification of the search as unreasonable under these circumstances could be justified only in the derivative sense that causes the search to be tainted if the initial stop was illegal. The presumption of correctness does not embue the search with any additional aura of unreasonableness not cast upon it by the exclusionary rule. However, an otherwise voluntary abandonment of property cannot be tainted or made involuntary by a prior illegal police stop. State v. Oliver, supra. Thus, even assuming that defendant was illegally stopped, the subsequent seizure of cocaine from the car is not tainted because the vehicle was voluntarily abandoned.
Nevertheless, we have examined the stop to determine whether the evidence, viewed through the perspective of the presumption of correctness, sustains the trial court's view.
In support of the order, defendant argues that there was a seizure of his person because "the police officer was not going to give [defendant] the right to stay where he was." This argument presupposes that defendant had the right to be where he was. The evidence demonstrates, though, that defendant did not in fact have the right to remain in his vehicle while parked in the Florida Bar lot. The management of the Florida Bar had posted "No Loitering" signs indicating that patrons were to go into the bar or leave the area and had given the police permission to enforce these instructions by so informing occupants of parked vehicles in the lot. It matters not in this instance how long defendant was actually sitting in his car. The officers were not investigating a charge of loitering; rather, they were simply advising defendant of the management's policy relative to the privately owned parking lot. They were not obliged to ask anything further. The question as to the contents of the brown paper bag which followed has no legal consequences. It was not answered, nor are the contents of that bag in issue here. It may explain defendant's hasty departure, but we view it as otherwise irrelevant and immaterial. Defendant's departure rendered moot any supposed requirement that under these circumstances he should have been given an opportunity to identify himself and to explain his presence in the posted, private parking lot of a bar in a high crime area.
We therefore hold that there was neither a stop nor a seizure of defendant's person. The exclusionary rule thus does not apply. There was no poisonous tree in the first instance to bear the forbidden fruit. The evidence, untainted by illegal action, should have been ruled admissible.
The order granting the motion to suppress is reversed and the cause is remanded.
REVERSED AND REMANDED.
LETTS, C.J., and BERANEK, J., concur.