623 So.2d 848 (1993)
STATE of Florida, Appellant,
v.
Alexander WYNN, Appellee.
No. 92-02446.
District Court of Appeal of Florida, Second District.
September 10, 1993.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carl R. Hayes, Asst. Atty. Gen., Tampa, for appellant.
Frank T. Johnson, Tampa, for appellee.
PARKER, Judge.
The state appeals the trial court's order granting Alexander Wynn's motion to suppress cocaine. The trial court concluded that the arresting officers did not have a founded suspicion of criminal activity and the search was therefore illegal. We reverse, concluding that the search was legal because Wynn abandoned his truck.
Wynn was charged with trafficking in cocaine, pursuant to section 893.135(1)(b)1, Florida Statutes (1991) and possession of cocaine with intent to sell, purchase, manufacture or deliver within 200 feet of a public housing facility, pursuant to section 893.13(1)(i), Florida Statutes (1991).[1] The following evidence was adduced at the hearing on the motion to suppress.
Police officers were at a Tampa public housing project investigating a narcotics transaction when they observed two vehicles illegally parked. Standing between the two vehicles were three known narcotics dealers conversing with the occupants of both vehicles. When the three narcotics dealers saw the officers, they all shoved an item in their pants and fled. As the officers walked between the two vehicles, they smelled marijuana coming from inside of the car. A search of the car resulted in the seizure of marijuana, seventy-seven grams of crack cocaine, and a balled-up brown paper bag containing $4900.
While the officers were searching the occupants of the car, Wynn got out of the truck and departed without saying anything to the officers. Wynn left his truck unlocked and illegally parked. Neither vehicle had a parking sticker which was required for parking at the housing project. The officer ran a tag check to determine the ownership of the truck; however, the search revealed no record *849 which indicated to the officer that the truck might be a stolen vehicle. After forty-five minutes, during which time no one returned to the truck, the officer entered the truck to search for identification or registration. During this search, the officer saw a balled-up brown paper bag on the floorboard, opened it, and discovered a large quantity of cocaine in individual plastic bags. The officer also found a duffle bag containing $4443 in cash. No registration was found; however, Wynn's business card with his telephone and address were found. Subsequently, the truck was impounded.
We conclude that the smell of marijuana upon the officers' approach of the car gave the officers probable cause to search the occupants of the car and the car for contraband. See State v. T.T., 594 So.2d 839, 840 (Fla. 5th DCA 1992). While the officers did not have a founded suspicion regarding the truck and Wynn at that time, they still had the right to ask him questions regarding his presence in the project. See State v. Barnett, 572 So.2d 1033 (Fla. 2d DCA), review denied, 581 So.2d 163 (Fla. 1991).
The officer's search of the truck was permissible because Wynn voluntarily abandoned the truck, which was illegally parked. Our conclusion is supported by State v. Lawson, 394 So.2d 1139 (Fla. 4th DCA 1981). In Lawson, the court held that the defendant's act in quickly leaving his car, which was parked in a "no loitering" zone without saying a word to the police officer sufficiently evidenced the defendant's intention to abandon the vehicle. Under these circumstances, it was permissible for the officer to investigate the ownership of the car. Because the defendant abandoned the car, the officer had the right to conduct a search of the car and seize any illegal substance whether it was in plain view or not. Lawson, 394 So.2d at 1141. Once the vehicle was abandoned, Wynn no longer had an expectation of privacy in the vehicle.
Reversed and remanded.
RYDER, A.C.J., and BLUE, J., concur.
NOTES
[1] This court, in State v. Thomas, 616 So.2d 1198 (Fla. 2d DCA 1993), concluded that the statutory phrase, "public housing facility" utilized in section 893.13(1)(i) was unconstitutionally vague.