706 So.2d 66 (1998)
STATE of Florida, Appellant,
v.
Lucio HERNANDEZ, Appellee.
No. 96-02300.
District Court of Appeal of Florida, Second District.
February 11, 1998.
Robert A. Butterworth, Attorney General, Tallahassee and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee.
No appearance for Appellee.
FRANK, Acting Chief Judge.
The State appeals from an order suppressing marijuana and brass knuckles found on Lucio Hernandez's person. We reverse; the police officers had probable cause to arrest and search Hernandez.
Immediately prior to Hernandez's arrest, Detective Sposato and Officer Waiters were on patrol at the county fair. While driving with the car windows down, the officers passed a large group. They smelled a strong odor of marijuana emanating from the cluster of people. The officers stopped their vehicle, exited and approached the group. The odor became stronger as they neared the people. When the officers approached, Hernandez started to walk away. Detective Sposato told Hernandez that he wanted to talk to him, but Hernandez continued on his way. When the detective caught up with him, he again noticed the odor of marijuana. Detective Sposato asked Hernandez if he could search him, and Hernandez consented. During a pat-down, the officer felt what he believed to be a firearm, but it turned out to be brass knuckles. Detective Sposato again searched Hernandez and found marijuana. Detective Sposato testified at the suppression hearing that he was trained to recognize *67 the distinctive odor of marijuana and has smelled marijuana residue numerous times.
The odor of marijuana gave the officers probable cause to believe the members of the group had marijuana in their possession and, therefore, to search each person who was present. See State v. Wynn, 623 So.2d 848 (Fla. 2d DCA 1993). See also State v. T.T., 594 So.2d 839 (Fla. 5th DCA 1992). Furthermore, a search incident to a lawful arrest can precede the arrest if the officer has probable cause to arrest the defendant prior to the search. See Baggett v. State, 562 So.2d 359 (Fla. 2d DCA 1990).
The officers observed Hernandez as a member of the group from which the odor of marijuana emanated and, on that basis, had probable cause to stop and search him. Accordingly, the trial court erred in granting Hernandez's motion to suppress.
Reversed.
FULMER and NORTHCUTT, JJ., concur.