771 So.2d 1235 (2000)
Alton Glen FINDLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-2247.
District Court of Appeal of Florida, Second District.
November 8, 2000.
*1236 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellee.
DANAHY, PAUL W., (Senior) Judge.
Alton Glen Findley challenges his convictions and sentences for possession of cocaine and possession of drug paraphernalia. He argues that the trial court erred in denying his motion to suppress where he was illegally detained and his subsequent consent to search was not freely and voluntarily given. We agree, and we reverse and remand with instructions to the trial court to grant Findley's motion to suppress.
At the suppression hearing in this case, Officer Reagan and Officer Dimarco testified that they responded to Findley's residence on the basis of a phone call that they had received. They were met outside by Findley's daughter, a young girl who, they later determined, was twelve years old. She informed them that Findley and another male, a Mr. Johnson, were smoking crack out of a beer can in the bathroom. Officer Reagan testified that this was the same information that had been relayed in the phone call. The girl walked through the front door and into the living room of the house where Findley and Johnson were seated on a couch. The officers were not invited into the house, nor did they receive permission from anyone to enter. Nevertheless, they followed the girl in, and they asked the two men to step outside so they could talk to them. The men complied and, once outside, Findley, upon request, gave his consent to search the *1237 house, whereupon Officer DiMarco found cocaine residue on a beer can in the bathroom.
The Florida Supreme Court in Saavedra v. State, 622 So.2d 952, 956 (Fla. 1993), citing Payton v. New York, 445 U.S. 573, 589-90, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), stated:
In terms that apply equally to seizures of property and to seizures of persons, the Fourth Amendment has drawn a firm line at the entrance to the house. Absent exigent circumstances, that threshold may not reasonably be crossed without a warrant.
Thus, in the present case, the officers' initial entry into the house without consent was illegal.[1] The fact that the police asked rather than ordered Findley outside is irrelevant. In Davis v. State, 744 So.2d 586, 587 (Fla. 2d DCA 1999), this court, relying on the supreme court's decision in Popple v. State, 626 So.2d 185 (Fla.1993), stated: "We first disagree with the circuit court's conclusion that Davis was not detained. Davis's counsel presented extensive argument concerning whether Detective Eastmond had `asked' Davis to leave her home, or `instructed,' her to do so. This semantic distinction is irrelevant." In Davis, the detective saw Davis through the open front door to her residence, showed her his badge and gun, and asked her to step outside and put her hands on a car. We held that Davis was illegally detained because even though she was asked to step outside, "a reasonable person, under similar circumstances, would believe he had to comply." Davis, 744 So.2d at 587. See also Thomasset v. State, 761 So.2d 383, 386 (Fla. 2d DCA 2000) (holding that an episode that began as a consensual encounter became an investigatory detention when the deputy requested that Thomasset exit his vehicle).
In the present case, Findley, at the suppression hearing, argued that he acquiesced to police authority. We agree. It is clear that in a situation where, as here, two uniformed police officers walk uninvited into a person's home and ask that person to step outside, a reasonable man would feel he had no choice but to comply. Thus, at the time Findley exited his home, he was being illegally detained.
Once outside, Findley consented to the search of his home. However, illegal police action presumptively taints the voluntariness of a subsequent consent. The burden is on the State to show by clear and convincing evidence that "there has been an unequivocal break in the chain of illegality sufficient to dissipate the taint of the prior illegal police action and thus render the consent freely and voluntarily given." Davis, 744 So.2d at 588 (quoting from Jordan v. State, 707 So.2d 338, 339 (Fla. 2d DCA 1998)). See also Thomasset, 761 So.2d at 386. The taint is dissipated when the police tell a suspect of his right to refuse consent to search. See Davis, 744 So.2d at 588. In the present case, Officer DiMarco testified he could not remember if he had informed Findley of his right to refuse consent to search. Officer Reagan was silent on the issue. Because the State did not establish that there was an unequivocal break in the chain of illegal police conduct, Findley's consent to search was not freely and voluntarily given. Accordingly, the search of Findley's house was illegal, and the contraband therein was illegally seized.
*1238 The State argues that this court should find the search of the house to be legal because Findley's daughter had the authority to consent to a search of the house, which the police had already determined was her residence, under Saavedra. Notwithstanding the fact that the officers testified that Findley's daughter did not even give them consent to enter the house, let alone search it, it is clear from even a cursory reading of Saavedra that a minor may consent to a warrantless search of the family home only where, among other circumstances, the nonconsenting parent is absent from the home. In this case, Findley was sitting on his living room couch.
Reversed and remanded with instructions to grant the motion.
WHATLEY, A.C.J., and SALCINES, J., Concur.
NOTES
[1] Neither here nor in the trial court did the State argue that there were exigent circumstances that would have supported a warrantless seizure of the cocaine at issue. Furthermore, there was no testimony adduced from the officers to indicate that exigent circumstances existed. Neither officer testified to any concern about the destruction of the evidence or that there was insufficient time to obtain a warrant. See Rolling v. State, 695 So.2d 278, 293 (Fla.1997) (holding that police may not, without a search warrant, enter a home to search for evidenceeven if they have probable cause that evidence is on the premises and subject to removal or destruction if there is sufficient time to obtain a search warrant).