831 So.2d 1243 (2002)
Leroy GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1851.
District Court of Appeal of Florida, Second District.
December 13, 2002.
*1244 James Marion Moorman, Public Defender, and Clark E. Green, Assistant Public Defender, Bartow, for Appellant.
Richard E. Doran, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
SILBERMAN, Judge.
Leroy Green was arrested and charged with two counts of possession of a controlled substance within 1000 feet of a church and one count of possession of drug paraphernalia. After his motion to suppress was denied, Green entered a plea of guilty and reserved the right to appeal the denial of his motion. Because there was no probable cause or valid consent for the searches that resulted in the seizure of contraband, we reverse.
The transcript of the suppression hearing reveals that at noon on August 24, 2000, two Tampa police officers observed four black males, two sitting on and two standing next to a wall at the end of an apartment building. The officers drove up to the men and got out of their car. One of the men walked into an apartment while the other three, Mr. Green, Mr. Brown, and Mr. Cooper, stayed outside.
Officer Schantz testified that as she approached the men she observed a cloud of smoke around them and smelled the odor of marijuana. Mr. Brown was the person that was smoking. Officer Schantz also saw Mr. Brown and Mr. Cooper discard a plastic baggie, which appeared to contain marijuana, and put out what appeared to be a marijuana cigar. She did not see Mr. Green smoke or discard anything; he simply stood by the wall. Officer Schantz asked the three men for identification. At that time, the men were not free to leave.
When a backup officer arrived, Officer Schantz arrested Mr. Brown and Mr. Cooper and asked the other officer to pat down Mr. Green for officer safety. She and the officer who conducted the search acknowledged that they had no reason to believe that Green was dangerous or had a weapon.
During the search, Green placed his left hand down his groin area. Officer Schantz asked Green whether he had any drugs on his person, and Green responded affirmatively. The officer conducting the search removed a pill bottle with crack and a small baggie of marijuana from Green's underwear. The officers then arrested *1245 Green and read to him the Miranda[1] warnings.
The officers also took keys from Green. Although he denied having a car in the area, the officers located a car about fifteen to thirty feet away and determined that one of the keys matched the make and model of the car. Green told the officers that the car belonged to his wife but that he drove it. In response to the officers' questions, he acknowledged that there were drugs in the car and agreed to a search. The officers found marijuana in the car.
After Green was charged, he filed a motion to suppress. He argued that he was illegally detained and searched and that all of the evidence obtained as a result of his search and the search of the car had to be suppressed. The trial court concluded that the officers did not have reasonable suspicion to detain Green and that they did not have probable cause to believe that Green was armed so as to justify a pat-down search. However, the trial court concluded that because of the odor of marijuana, the initial encounter and the subsequent detention, arrest, and searches were legal.
An officer who is trained to recognize and is familiar with the odor of marijuana has probable cause, based on the smell alone, to search a person or a vehicle for contraband. State v. T.T., 594 So.2d 839, 840 (Fla. 5th DCA 1992); see also State v. Hernandez, 706 So.2d 66, 67 (Fla. 2d DCA 1998). The trial court relied on T.T., Hernandez, and State v. Wynn, 623 So.2d 848 (Fla. 2d DCA 1993), in support of its conclusion that the odor of marijuana gave the officers probable cause to believe the members of the group had marijuana in their possession and to search each person who was present.
The situation in the present case is different from the circumstances in the cases cited by the trial court. In T.T., the officer specifically detected the smell of marijuana coming from T.T. T.T., 594 So.2d at 840. In Hernandez, there was a strong odor of marijuana emanating from a group of people. Hernandez walked away, and the officer followed. When the officer caught up to Hernandez he again noted the odor of marijuana, and Hernandez consented to a search. Hernandez, 706 So.2d at 66.
In Wynn, officers observed two vehicles that were illegally parked. Known drug dealers were conversing with the occupants of the vehicles, but the dealers fled when they saw the officers. Wynn, 623 So.2d at 848. Wynn got out of his truck, said nothing to the officers, and left the truck unlocked and illegally parked. After forty-five minutes passed and no one returned for the truck, the officers searched it for identification or registration information and found cocaine. The court concluded that the search of the abandoned truck was permissible under the circumstances. Wynn, 623 So.2d at 848-49.
Here, Officer Schantz specifically observed that the smoke was coming from Mr. Brown, that he and Mr. Cooper discarded the marijuana cigar and the baggie containing marijuana, and that Mr. Green was simply standing with them. Green did and said nothing that gave the officers probable cause to believe that Green possessed illegal drugs or that he was armed or dangerous so as to justify a pat-down. See Agee v. State, 522 So.2d 1044, 1046 (Fla. 2d DCA 1988); Edwards v. State, 532 So.2d 1311, 1314 (Fla. 1st DCA 1988). Because the officers had no basis to search Green, the search and subsequent seizure of the contraband from him were illegal *1246 and the evidence that was confiscated should have been suppressed. See Kersey v. State, 58 So.2d 155, 156-57 (Fla.1952); Shaw v. State, 611 So.2d 552, 557 (Fla. 1st DCA 1992).
Moreover, although Green acknowledged having drugs on him and in the car, and he gave consent to the search of the car after the officers took his keys, his statements and consent were given in connection with the illegal pat-down. Since there was no break in the chain of illegality, the statements and the consent were involuntary. As a result, the evidence that was gathered was tainted and the motion to suppress should have been granted. See Norman v. State, 379 So.2d 643, 646-47 (Fla.1980); Findley v. State, 771 So.2d 1235, 1237 (Fla. 2d DCA 2000).
Because of the illegal searches of Green and the car, we reverse the denial of Green's motion to suppress and the resulting judgments and sentences. We remand with directions that Green be discharged.
Reversed and remanded with directions.
BLUE, C.J., and ALTENBERND, J., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).