968 So.2d 694 (2007)
STATE of Florida, Appellant,
v.
John JENNINGS, Appellee.
No. 4D06-3618.
District Court of Appeal of Florida, Fourth District.
November 21, 2007.
Bill McCollum, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellant.
Michael B. Cohen, of Michael B. Cohen, P.A., Fort Lauderdale, for appellee.
WARNER, J.
The state appeals an order granting a motion to suppress evidence of cocaine found on appellee during a search of his person. The search occurred after officers stopped the vehicle in which appellee was riding for a traffic infraction and smelled marijuana when they approached the vehicle. Because the smell of marijuana gave the officers probable cause to search the vehicle and its occupants, we reverse.
Two Broward County deputy sheriffs stopped a vehicle for speeding and having no tag light. There were two people in the vehicle: the driver and appellee Jennings, who was in the front passenger's seat. As they approached, both officers testified that they smelled the odor of marijuana coming from the open windows of the vehicle. Both deputies testified that they had training and experience in detecting marijuana by smell.
One of the deputies asked the driver whether there was anything illegal in the vehicle, and the driver told him that there was marijuana in the driver's side visor. The deputy asked the driver to exit the vehicle for officer safety. The other officer asked Jennings to get out of the vehicle, because Jennings was very jittery, could not keep still, and was sweating profusely, as well as because of the strong odor of marijuana coming from the vehicle. Once outside, the deputy asked Jennings for consent to search, which the officer wanted to do for officer safety and to determine whether Jennings had illegal narcotics on him. Jennings did not verbally respond to the request to search, but gestured by nodding his head, lifting up his arms, and shrugging his shoulders. The search revealed a packet containing cocaine. The trial court granted the motion to dismiss, finding that based upon the totality of the circumstances the search was not one for officer safety purposes and the consent indicated by a shrug was simply an acquiescence to police authority. The state appeals.
*696 An appellate court reviews factual findings to determine whether they are supported by competent substantial evidence, and the application of those facts to the law is reviewed de novo. State v. Manuel, 796 So.2d 602, 604 (Fla. 4th DCA 2001). Here, although there were conflicts and contradictions in the testimony, it was undisputed that the officers smelled marijuana when they approached the vehicle.
The smell of marijuana coming from an occupied vehicle provides probable cause that a violation of the narcotic laws of the state has occurred. "Probable cause exists where `the facts and circumstances within their (the officers') knowledge . . . [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." State v. Betz, 815 So.2d 627, 633 (Fla.2002) (quoting Brinegar v. United States, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)) (alteration in original). Although the issue presented to the supreme court in Betz involved whether the smell of marijuana would permit a search of the trunk of the vehicle, we have applied it to permit the search of the occupants of the vehicle. See, e.g., State v. T.P., 835 So.2d 1277 (Fla. 4th DCA 2003); State v. K.V., 821 So.2d 1127, 1128 (Fla. 4th DCA 2002). Other Florida courts have come to the same conclusion. See Blake v. State, 939 So.2d 192 (Fla. 5th DCA 2006); State v. Hernandez, 706 So.2d 66 (Fla. 2d DCA 1998).
State v. Chambliss, 752 So.2d 114 (Fla. 5th DCA 2000), presents the most similar facts to this case. In Chambliss, the appellee was a passenger in a vehicle stopped because the tag did not match the car. When the officer approached the vehicle, he detected a strong odor of marijuana. The officer had all the occupants exit the vehicle. The trial court recognized that the odor of marijuana emanating from the vehicle constituted probable cause to search all occupants. Nevertheless, the trial court concluded that appellee was unlawfully detained because the arresting officer testified that he had intended to search for officer safety, even though there was no basis for a suspicion that appellee was armed. The Fifth District held that the trial court's reliance on the officer's subjective intentions was misplaced, citing to Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Regardless of the subjective intentions of the officers, the odor of burning marijuana alone provided probable cause to search appellee. Id. at 115 (citing Harvey v. State, 653 So.2d 1146 (Fla. 5th DCA 1995); Dixon v. State, 343 So.2d 1345 (Fla. 2d DCA 1977)).
The officers in this case had probable cause to search the occupants of the vehicle once they smelled the marijuana. That they may have articulated a subjective intent to search for officer safety did not change the fact that the smell of marijuana smoke provided an objectively reasonable basis for the search. See United States v. Miller, 146 F.3d 274, 279 (5th Cir.1998) (Whren provides broad leeway to officers to conduct searches regardless of their subjective intent so long as there is objective legal justification for their actions).
Jennings contends that once the driver of the vehicle told the officer that the marijuana was located in the visor, the officers did not have probable cause to search Jennings. We find this meritless. The deputies were not required to rely on the statements of a suspect to assure them that the only violation of the narcotics law consisted of what the suspect tells them. The officers did not know whether the marijuana found under the visor belonged to the driver, Jennings, or both. See Dixon, 343 So.2d at 1348 (holding that the smell of marijuana and sight of smoke *697 emanating from an automobile constitutes probable cause to believe all occupants had actual or constructive possession of marijuana). Additionally, the officers did not know whether that marijuana was the only marijuana in the vehicle, or whether there was any marijuana on the driver or Jennings's person.
Because the officers had probable cause to search the occupants of the vehicle once they smelled marijuana, and the cocaine was found during a lawful search, we reverse the order suppressing evidence and remand for further proceedings.
SHAHOOD, C.J., and STEVENSON, J., concur.