CIKLIN, J.
A.T. appeals the disposition order in which the trial court found him guilty of resisting an officer without violence and withheld adjudication. He argues that the trial court should have granted his motion for judgment of dismissal because the state failed to establish that the officer had reasonable suspicion to justify an investigatory detention when appellant refused the officer’s request for identification and attempted to walk away from the officer. We are compelled to agree and therefore reverse.
During appellant’s trial, an officer from the Davie Police Department testified that on December 17, 2010, he was dispatched to a call “in reference to a suspicious vehicle.” Upon arrival, he exited his marked vehicle and observed three people standing around a parked car. As the officer approached the group, he smelled “a strong odor of cannabis emitting from the area of the vehicle where the subjects were standing.” When asked if he could tell from which individual the odor was emanating, the officer responded, “It was in the general area.”
The officer asked the three individuals for identification. Two of the individuals produced identification, but appellant, who was the third individual, did not. The officer warned appellant that he would be arrested if he did not produce identification. Appellant responded, “I don’t need to give you my ID,” and proceeded to walk away. Thereupon, the officer grabbed appellant by his arm in order to detain him and appellant pulled away. Appellant continued to struggle and pull away from the officer as the officer attempted to put handcuffs on appellant.
After the state rested, defense counsel moved for a judgment of dismissal arguing that this was a consensual encounter in which appellant was free to walk away, and that the police officer who was responding to an anonymous tip regarding a suspicious vehicle did not observe anything that would give rise to a reasonable and well-founded suspicion that appellant was engaged in unlawful activity. The trial court denied the motion. Appellant argues on appeal that the trial court erred in denying his motion.
We review a trial court’s denial of a motion for judgment of dismissal de novo. A.W. v. State, 82 So.3d 1136, 1138 (Fla. 4th DCA 2012). “A conviction for resisting an officer without violence requires proof that (1) the officer was engaged in the lawful execution of a legal duty; and, (2) the actions of the defendant obstructed, resisted or opposed the officer in the performance of that legal duty.” Id. (emphasis added) (citation and quotation marks omitted).
Because the state contended that appellant resisted an officer in the execution of an investigatory detention, the state was required to prove that the officer had a reasonable suspicion of criminal activity that would support the detention. See id. (“In [resisting without violence] cases involving an investigatory detention, it is necessary for the State to prove that the officer had a reasonable suspicion of criminal activity .... ” (quoting Davis v. State, 973 So.2d 1277, 1279 (Fla. 2d DCA 2008))). “Whether an officer’s suspicion is reasonable is determined by the totality of the circumstances which existed at the time of the stop and is based solely on facts known to the officer before the stop.” Fuentes v. State, 24 So.3d 1231, 1234 (Fla. 4th DCA 2009) (citation and quotation marks omitted).
In this case, the officer testified that his decision to conduct an investigatory detention was based solely on the fact that he could smell an odor of marijuana emanating from the general area where appellant and the two other individuals were standing. The officer acknowledged *1161 that he never observed any of the individuals committing a crime nor did he observe them make any furtive movements. Additionally, when the officer approached the group of individuals, none of them tried to run from the location. The fact that appellant “was standing with a group of [individuals] surrounded by the odor of burned marijuana was insufficient to supply more than a ‘mere suspicion’ that [appellant] was in possession of marijuana.” See Robinson v. State, 976 So.2d 1229, 1238 (Fla. 2d DCA 2008).[1] However, “[m]ere suspicion is not enough to support a stop.” Popple v. State, 626 So.2d 185, 186 (Fla.1993).
In summary, the odor of marijuana emanating from the general area where appellant and two other individuals were standing did not provide the officer with reasonable suspicion to detain appellant; therefore, the officer was not acting in the lawful execution of a legal duty when appellant refused to present his identification and attempted to walk away. Thus, the finding of guilt as to resisting an officer without violence must be reversed.

Reversed and remanded for entry of judgment of dismissal.

STEVENSON and TAYLOR, JJ., concur.

. In State v. Hernandez, 706 So.2d 66 (Fla. 2d DCA 1998), the Second District held that "[t]he [strong] odor of marijuana [emanating from a cluster of people] gave the officers probable cause to believe the members of the group had marijuana in their possession and, therefore, to search each person who was present.” Id. at 67. In Green v. State, 831 So.2d 1243 (Fla. 2d DCA 2002), however, the Second District held that the odor of marijuana did not give the police probable cause to believe the members of a group had marijuana in their possession and to search each person who was present. Id. at 1245. The court seems to have narrowed its Hernandez holding by distinguishing the fact that, in Hernandez, the police stopped the defendant only after he had walked away from the group, and an officer who had followed the defendant detected the odor of marijuana emanating from the defendant's person. Id. at 1245. Thus, given the Second District’s later opinions in Green and Robinson, we do not certify conflict with Hernandez.