PER CURIAM.
A conviction for resisting an officer without violence requires that the officer was engaged in the lawful execution of a legal duty. G.T. was adjudicated delinquent for resisting an officer without violence when she refused to give the arresting officer her name and personal information after the officer detained her and other juveniles under suspicion of underage drinking and disorderly intoxication. We reverse, holding that the State’s evidence was not legally sufficient to establish that the officer was engaged in the lawful execution of a legal duty when he detained G.T. without reasonable suspicion.

Factual Background

The officer was dispatched to an apartment complex in response to a call about a “disturbance of juveniles drinking and smoking.” He heard loud talking upon arriving at the apartment complex, walked to the rear of the complex near an alley, and approached six juveniles, who appeared to be “fairly young” teenagers. One of the juveniles other than G.T. was holding an empty bottle marked “Bacardi Silver.” As the juveniles attempted to walk away upon seeing the officer, he said to them, “Stop. Hollywood Police.” After they stopped, the officer observed that the juveniles had red, glossy eyes and slurred speech, which indicated to him that they were intoxicated.
The officer asked the juveniles for their names, dates of birth, and parents’ or guardians’ telephone numbers. Every juvenile except G.T. gave the officer the information he requested. G.T. repeatedly responded to the officer’s questioning with, “I have the right to remain silent,” and stated that “[my] brother is in the Air Force, and [I know my] rights.” The officer then arrested G.T. for resisting an officer without violence and disorderly intoxication in a public place.
At trial, defense counsel moved for judgment of dismissal at the close of the State’s evidence and at the close of all the evidence. The trial judge denied the motion and found G.T. guilty.

Analysis

G.T. argues that the trial court erred in denying her motion for judgment of dismissal. She contends that the State failed to prove that the officer was engaged in the lawful execution of a legal duty when he detained G.T. and asked for her name and information.
We review a trial court’s denial of a motion for judgment of dismissal de novo. A.W. v. State, 82 So.8d 1136, 1138 (Fla. 4th DCA 2012). The motion must be granted if the State does not present legally sufficient evidence to support a conviction. Id. Evidence is sufficient if a rational trier of fact, viewing the evidence in the light most favorable to the State, could find the existence of every element of the offense be *143 yond a reasonable doubt. Turner v. State, 29 So.3d 361, 364 (Fla. 4th DCA 2010).
A conviction for resisting an officer without violence requires proof of two elements: (1) the officer was engaged in the lawful execution of a legal duty and (2) the defendant’s actions obstructed, resisted, or opposed the officer in the performance of that legal duty. A.T. v. State, 93 So.3d 1159, 1160 (Fla. 4th DCA 2012). To be engaged in the lawful execution of a legal duty in detaining a person, an officer must have reasonable suspicion of criminal activity by the person. Davis v. State, 973 So.2d 1277, 1279 (Fla. 2d DCA 2008).
“For reasonable suspicion justifying a detention to exist, the detaining offi-eer[] must have a particularized and objective basis for suspecting the particular person stopped of criminal activity ... The officer must be able to articulate something more than an inchoate and unpartic-ularized suspicion or hunch.” O.B. v. State, 36 So.3d 784, 786-87 (Fla. 3d DCA 2010) (citations omitted) (internal quotation marks omitted). In A.T., this court held that the officer’s observation that the appellant was merely “standing with a group of individuals surrounded by the odor of burned marijuana was [insufficient] to supply more than a mere suspicion” that the appellant possessed marijuana. 93 So.3d at 1161 (internal quotation marks omitted).
In addition, “[w]hether an officer’s suspicion is reasonable is determined by the totality of the circumstances which existed at the time of the stop and is based solely on facts known to the officer before the stop.” Fuentes v. State, 24 So.3d 1231, 1234 (Fla. 4th DCA 2009) (quoting Slydell v. State, 792 So.2d 667, 671 (Fla. 4th DCA 2001)). A reasonable suspicion analysis cannot include consideration of any fact that comes to light after an officer stops or detains an individual. See Majors v. State, 70 So.3d 655, 660-61 (Fla. 1st DCA 2011).
Here, the State failed to establish that the officer reasonably suspected G.T. of criminal activity. Thus, the officer was not engaged in the lawful execution of a legal duty when he detained G.T., and, in refusing to answer the officer’s questions, G.T. did not obstruct the performance of any legal duty.
Because the officer merely heard loud talking and observed that only one of the juveniles who was not G.T. was holding the empty liquor bottle, he lacked a particularized and objective basis for suspecting that G.T. herself was engaged in criminal activity. The State was unable to articulate specific facts to connect G.T. to the empty liquor bottle or to demonstrate that the officer had more than an inchoate hunch that this group of juveniles was the one he had been dispatched to investigate. Similar to AT., where the smell of marijuana in the general area did not imply a connection between the appellant and marijuana, here, the fact that one of the other juveniles was holding the empty liquor bottle did not imply a connection between G.T. and the alcohol. See 93 So.3d at 1161.
Furthermore, the totality of the circumstances, based solely on facts known to the officer before the stop, did not indicate any suspect behavior on the part of G.T. The State argues that the juveniles’ red, glossy eyes and slurred speech indicated to the officer that they were intoxicated. The officer made this observation, however, after he detained them. Therefore, that observation cannot form any part of the basis for the officer’s reasonable suspicion justifying the detention.
Because the officer lacked reasonable suspicion and was therefore not engaged in the lawful execution of a legal duty, G.T.’s refusal to answer the officer’s questions did not constitute obstruction. Therefore, *144 we reverse the trial court’s denial of judgment of dismissal and remanded for discharge.

Reversed and remanded.

DAMOORGIAN, C.J., CIKLIN and CONNER, JJ., concur.