DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**STATE OF FLORIDA,**
Appellant,

v.

**J.J.,** a child,
Appellee.

No. 4D13-4220

[July 23, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Orlando, Judge; L.T. Case No. 13-004818-DL.

Pamela Jo Bondi, Attorney General, Tallahassee, and James J. Carney, Sr. Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Amy Lora Rabinowitz, Assistant Public Defender, West Palm Beach, for appellee.

PER CURIAM.

We reverse an order suppressing evidence because the arresting officer's detection of the odor of marijuana on appellant's person generated probable cause to arrest and search.

The arresting officer observed a juvenile roll "either a cannabis filled cigar or a tobacco filled cigar." The cigar was then passed around a small group, including appellant who "handle[d]" it. The officer confronted the group and smelled the "very pungent" smell of cannabis emanating from the group, but especially from appellant. After appellant responded in a "disrespectful" and "confrontational manner," the officer performed a pat down search on appellant for her "safety and [that of] the other officers on the scene." During this search, the officer felt a "large bulge," which she believed to be a quantity of cannabis.

The trial court granted appellant's motion to suppress, rejecting the State's theory of a search incident to arrest because the search preceded the arrest.

The smell of marijuana on appellant's person, combined with his handling of the cigar, provided the officer sufficient probable cause to effectuate a search incident to arrest. A search incident to a lawful arrest is authorized "contemporaneous with or *prior to the actual arrest* so long as probable cause for the arrest existed *at the time of the search.*" *D.H. v. State*, 121 So. 3d 76, 80 (Fla. 3d DCA 2013) (citing *Jenkins v. State*, 978 So. 2d 116, 126 (Fla. 2008)) (emphasis added). Even if an officer articulates "a subjective intent to search for officer safety," that will "not change the fact that the smell of marijuana [may] provide[ ] an objectively reasonable basis for the search." *State v. Jennings*, 968 So. 2d 694, 696 (Fla. 4th DCA 2007).

"The question of probable cause is viewed from the perspective of a police officer with specialized training and takes into account the 'factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act.'" *Chavez v. State*, 832 So. 2d 730, 747 (Fla. 2002) (quoting *Walker v. State*, 707 So. 2d 300, 312 (Fla. 1997)). The inquiry focuses on whether "'the totality of the facts and circumstances within [the] officer's knowledge sufficiently warrant a reasonable person to believe that, more likely than not, a crime has been committed.'" *Santiago v. State,* 84 So. 3d 455, 459 (Fla. 4th DCA 2012) (quoting *League v. State,* 778 So. 2d 1086, 1087 (Fla. 4th DCA 2001)).

### *The Marijuana Odor*

A police officer "who is trained to recognize the odor of marijuana and who is familiar with it and can recognize it has probable cause, based on the smell alone, to search a person or a vehicle for contraband." *State v. T.T.,* 594 So. 2d 839, 840 (Fla. 5th DCA 1992) (citations omitted); *see also State v. Reeves*, 488 So. 2d 670, 670 (Fla. 4th DCA 1986) ("[T]he remaining fact that the officer smelled the odor of burning marijuana coming from the vehicle was sufficient to constitute probable cause." (citations omitted)); *State v. Wells*, 516 So. 2d 74, 75 (Fla. 5th DCA 1987). However, where the person to be searched is part of a group, the odor must be individualized. *See Robinson v. State*, 976 So. 2d 1229, 1233 (Fla. 2d DCA 2008). "The mere scent of marijuana coming from a group of individuals does not by itself give an officer probable cause to arrest and search any particular individual in the group." *D.H.*, 121 So. 3d at 82; *see also Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) ("[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person.").

An instructive example of this rule was presented in *Green v. State*, 831 So. 2d 1243 (Fla. 2d DCA 2002). There, officers noted "a cloud of [marijuana] smoke" lingering around four individuals—one being the

defendant—while they were standing outside of an apartment building. *Id.* at 1244. Although officers observed other group members smoke a marijuana cigarette and discard a plastic baggie containing marijuana, they did not see the defendant "smoke or discard anything; he simply stood by the wall." *Id.* Absent evidence tying the marijuana smell to the defendant, the Second District reversed the denial of the defendant's motion to suppress, finding the defendant "did and said nothing that gave the officers probable cause to believe that [he himself] possessed illegal drugs." *Id.* at 1245; *see also Robinson*, 976 So. 2d at 1233 ("The fact that [the defendant] was standing with a group of men surrounded by the odor of burned marijuana was insufficient to supply more than a 'mere suspicion' that [the defendant] was in possession of marijuana."); *D.H.*, 121 So. 3d at 83 ("Because the only facts justifying the search in this instance were the general smell of marijuana in the area and the sight of a puff of smoke lingering in the air around the group, there was insufficient justification for the search . . . . ").

In deciding *Green*, the Second District distinguished *State v. Hernandez*, 706 So. 2d 66 (Fla. 2d DCA 1998), a case factually similar to this one. In *Hernandez*, officers detected a "strong odor of marijuana emanating from [a] cluster of people," which included the defendant. *Id.* at 66. After the defendant walked away and separated himself from the group, officers caught up to him and "again noticed the odor of marijuana." *Id.* In finding the defendant's suppression motion should have been denied, the Second District held that "[t]he odor of marijuana gave the officers probable cause to believe the members of the group had marijuana in their possession and, therefore, to search each person who was present." *Id.* at 67. In *Green*, however, the Second District narrowed this generalized holding, noting that the crucial distinction in *Hernandez* was that the defendant continued to smell of marijuana even after he separated himself from the group. 831 So. 2d at 1245; *see also A.T. v. State*, 93 So. 3d 1159, 1161 n.1 (Fla. 4th DCA 2012) (recognizing that, through *Green*, the Second District "seems to have narrowed its *Hernandez* holding").

Here, the arresting officer testified that she could "smell[ ] marijuana coming directly from [appellant]." This nasal observation gave rise to probable cause to arrest appellant and search him for contraband.

*Reversed.*

GROSS, GERBER and CONNER, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

- 3 -