# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4068

_____

DELVIN DAWSON,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

_____

On appeal from the Circuit Court for Bay County.
Brantley S. Clark, Jr., Judge.

August 30, 2018

M.K. THOMAS, J.

   Delvin Dawson pled guilty to possession of marijuana and possession of a controlled substance, but reserved his right to appeal the trial court's denial of his Motion to Suppress, in which he alleged evidence supporting his conviction was obtained as a result of an illegal search of his person. We affirm the conviction and sentence, but write to explain why his arrest and subsequent search were supported by probable cause.

   Inside a nightclub, an off-duty officer observed Dawson and another man smoking what appeared to be marijuana. The off-duty officer informed Investigator Hearn of the Panama City Police Department of the suspected illicit activity and provided a detailed description of the men. As a result of the tip, Investigator Hearn dressed in plain clothes and entered the nightclub. He easily located the two males described by the off-duty officer.

Positioning himself near the two men, Investigator Hearn soon smelled burnt marijuana. He isolated the smell to the area occupied by the two men. A short time later, he witnessed Dawson smoking what he believed was a marijuana cigarette. Investigator Hearn then notified backup officers, who escorted Dawson out of the nightclub. Dawson was arrested and searched incident to arrest. The search uncovered an unsmoked marijuana blunt and a baggie filled with a controlled substance.

Dawson alleges probable cause did not exist to arrest and subsequently search him because a finding of probable cause must be particularized to a specific individual. *See Ybarra v. Illinois,* 444 U.S. 85, 91 (1979) (holding that "a person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to search that person . . . Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person."). Dawson relies on *Robinson v. State*, 976 So. 2d 1229, 1233 (Fla. 2d DCA 2008), to support his contention that the odor of marijuana emanating from his direction did not amount to probable cause sufficient to justify his arrest and subsequent search. In *Robinson*, police were combing the parking lot of a nightclub when they came upon a group of individuals standing together. As they approached, an officer smelled burnt marijuana but did not observe any of the individuals actually smoking. In reversing the denial of Robinson's Motion to Suppress evidence seized as a result of a search of his person, the Second District held, "standing with a group of men surrounded by the odor of burned marijuana was insufficient to support more than a 'mere suspicion' that Robinson was in possession of marijuana" and did not provide probable cause for a warrantless search. *Id*.; *see also D.H. v. State*, 121 So. 2d 76, 82 (Fla. 3d DCA 2013) (holding the smell of marijuana coming from the direction of a group of individuals does not, without more, provide probable cause to arrest and search any particular individual in that group).

This case is readily distinguishable from *Robinson*. Here, Dawson's arrest and search were not based on one factor - the smell of marijuana in Dawson's general area. Instead, multiple

factors supported probable cause to arrest and search him: 1) an off-duty officer smelled marijuana confined to Dawson's location; 2) the off-duty officer observed Dawson smoking what appeared to be a marijuana cigarette; 3) Investigator Hearn, a second officer, noted the smell of burnt marijuana coming from area occupied by Dawson; and 4) Hearn witnessed Dawson smoking what appeared to be a marijuana blunt. *See State v. J.J.*, 143 So. 3d 1050, 1052 (Fla. 4th DCA 2014) ("The smell of marijuana on appellant's person, combined with his handling of the cigar, provided the officer sufficient probable cause to effectuate a search incident to arrest.").

As probable cause to arrest was sufficiently individualized to Dawson, we affirm his judgment and sentence.

AFFIRMED.

OSTERHAUS and WINOKUR, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Andy Thomas, Public Defender, and Lori A. Willner, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.