DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**SEBASTION TIGNER,**
Appellee.

No. 4D18-3106

[July 24, 2019]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrew L. Siegel, Judge; L.T. Case No. 17-008132CF10A.

Ashley Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellant.

Frank A. Maister of Frank A. Maister, P.A., Fort Lauderdale, for appellee.

DAMOORGIAN, J.

The State appeals the trial court's order granting Sebastion Tigner's motion to suppress evidence. We reverse.

Tigner was charged with one count of possession of a controlled substance, substituted cathinones, without a valid prescription. Tigner moved to suppress the inculpatory evidence on the grounds that it was obtained as a result of an illegal search and seizure. The matter proceeded to a suppression hearing where the following was established by the testimony of the two officers involved with the stop.

On the day in question, the officer making the initial stop had reason to believe that the vehicle in which Tigner was a passenger had illegal tint because he was unable to see inside the vehicle. When the driver of the vehicle lowered his window, the officer smelled both burnt and fresh marijuana emanating from inside the vehicle. A backup officer who was in the area was immediately called and arrived within a minute. This officer had a narcotics K-9 and a tint meter. The tint meter confirmed the

vehicle's tint was illegal. The backup officer also smelled marijuana coming from inside the vehicle. The five occupants of the vehicle, including Tigner, were told to exit the vehicle so that the K-9 unit could determine whether there were any illegal drugs in the vehicle. Removing the occupants was done to avoid the possibility that the K-9 might bite one of the occupants. None of the occupants were restrained.

The driver of the vehicle stated that he had smoked marijuana earlier but that there currently was no marijuana inside the vehicle. While the occupants were exiting the vehicle, Tigner was instructed to leave a purple Cigarillo pouch located in his waistband in the vehicle for officer safety. The officers did not squeeze the pouch at that point out of concern that it might contain a blade or something that could hurt the officers.

The narcotics inspection K-9 conducted an exterior sniff of the vehicle and showed a change of behavior at the odor of narcotics at the front driver side window which had been left open, and also alerted at the front driver side door. The K-9 proceeded inside the vehicle, at which point she alerted to the purple pouch. Upon the K-9's alert, the backup officer searched the pouch and found a plastic baggy filled with a white substance. The contents initially tested positive at the scene for MDMA ecstasy, but a lab test later indicated it was substitute cathinones. No marijuana was found. The occupants of the vehicle were also patted down, and no weapons or drugs were found on any of them.

At the conclusion of the hearing, the defense argued that requiring Tigner to leave his pouch behind so that it would be exposed to a drug sniff was an impermissible seizure. The State, however, maintained that the odor of marijuana provided officers with probable cause not just to search the vehicle, but the occupants of the vehicle. Nevertheless, the trial court granted the motion to suppress, finding that, based on the Fifth District's case in *McNeil v. State*, 656 So. 2d 1320 (Fla. 5th DCA 1995), the officers did not have the right to search the pouch. The trial court entered its order granting Tigner's motion to suppress. This appeal follows.

The State argues that the trial court erred in granting the motion to suppress, asserting that as soon as the officers detected the odor of marijuana emanating from inside the vehicle, they had probable cause to search both the vehicle and all of its occupants, including Tigner and his pouch. Moreover, the fact that Tigner was prevented from removing the pouch from the vehicle did not invalidate the search because the officers already had probable cause to search the pouch based on the smell of marijuana emanating from inside the vehicle and the K-9 alerting to the exterior of the vehicle and the pouch itself.

2

In reviewing an order granting a motion to suppress, "[a]n appellate court reviews factual findings to determine whether they are supported by competent substantial evidence, and the application of those facts to the law is reviewed de novo." *State v. Jennings*, 968 So. 2d 694, 696 (Fla. 4th DCA 2007).

The facts of this case are similar to those in *Jennings*. In that case, the State appealed an order granting a motion to suppress evidence of cocaine found on the defendant during a search of his person. *Id.* at 695. Officers had initially stopped the vehicle in which the defendant was a passenger for a traffic infraction and smelled marijuana upon approaching the vehicle. *Id.* The driver told the officers there was marijuana in the driver's side visor. *Id.* The driver and the defendant were both ordered out of the vehicle for officer safety due to the smell of marijuana and also because the defendant appeared jittery and was sweating profusely. *Id.* A search of the defendant revealed the packet containing cocaine. On appeal, this Court explained:

> The smell of marijuana coming from an occupied vehicle provides probable cause that a violation of the narcotic laws of the state has occurred. "Probable cause exists where 'the facts and circumstances within their (the officers') knowledge . . . [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *State v. Betz*, 815 So. 2d 627, 633 (Fla. 2002) (quoting *Brinegar v. United States*, 338 U.S. 160, 175-76, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949)) (alteration in original). **Although the issue presented to the supreme court in *Betz* involved whether the smell of marijuana would permit a search of the trunk of the vehicle, we have applied it to permit the search of the occupants of the vehicle**. *See, e.g., State v. T.P.*, 835 So. 2d 1277 (Fla. 4th DCA 2003); *State v. K.V.*, 821 So. 2d 1127, 1128 (Fla. 4th DCA 2002). Other Florida courts have come to the same conclusion. *See Blake v. State*, 939 So. 2d 192 (Fla. 5th DCA 2006); *State v. Hernandez*, 706 So. 2d 66 (Fla. 2d DCA 1998).

*Id.* at 696 (emphasis added).

In the instant case, like in *Jennings*, the subject vehicle was stopped for a traffic infraction and upon approaching the vehicle, the officers detected the odor of both fresh and burnt marijuana emanating from inside the vehicle. The smell of marijuana alone was sufficient to give the officers the requisite probable cause to search both the vehicle and its

3

occupants. Accordingly, whether the pouch remained on Tigner's person or inside the vehicle was immaterial. Moreover, although the driver in *Jennings* admitted that there was marijuana in the vehicle while the driver in this case did not, this distinction does not vitiate law enforcement's right to conduct the subsequent search. As this Court in *Jennings* noted, "[t]he deputies were not required to rely on the statements of a suspect to assure them that the only violation of the narcotics law consisted of what the suspect tells them." *Id.* at 696 (referring to the driver's statement that the marijuana was located in the driver's side visor).

The trial court in the instant case nonetheless granted Tigner's motion to suppress pursuant to *McNeil*. In that case, the defendant was a passenger in a vehicle stopped for a traffic infraction. *McNeil*, 656 So. 2d at 1321. The defendant was ordered to vacate the vehicle and, over objection, to leave her purse inside the vehicle where it was subjected to a K-9 drug sniff. *Id.* The canine alerted to the presence of cocaine inside the purse and the defendant was arrested. *Id.* In holding that the officer unlawfully seized the defendant by requiring her to leave her purse inside the vehicle, the Fifth District explained that the defendant "did nothing to warrant her individual detention as there was no reason to write her a citation nor was there an independent 'reasonable suspicion' that her purse contained contraband." *Id.* Importantly, the opinion does not state what prompted the canine drug sniff.

In the instant case, unlike *McNeil*, the officers smelled fresh and burnt marijuana emanating from inside the vehicle *prior* to the canine alerting to the vehicle or the pouch. *See Hawley v. State*, 913 So. 2d 98, 100 (Fla. 5th DCA 2005) (approving of the trial court distinguishing *McNeil* "on the basis that the police in that case did not have reasonable suspicion or probable cause prior to the canine alerting to the vehicle"); *see also State v. Sarria*, 97 So. 3d 282, 284 (Fla. 4th DCA 2012) ("Once the officers smelled the raw marijuana, the traffic stop evolved into something more. The odor of burnt cannabis generates probable cause to both search a vehicle and arrest the occupants."). Moreover, the smell of marijuana in this case was not particular to any one occupant or location within the vehicle. For the foregoing reasons, the trial court's reliance on *McNeil* was misplaced.

Accordingly, we reverse the order granting Tigner's motion to suppress and remand for further proceedings.

*Reversed and remanded.*

WARNER and KLINGENSMITH, JJ., concur.

*     *     *

*Not final until disposition of timely filed motion for rehearing.*