KLEIN, J.
The trial court granted defendant’s motion to suppress, and the state appeals, arguing that the officer, who saw the defendant drop a glass pipe, had reasonable suspicion to believe the pipe was used to smoke crack. We reverse.
The officer testified that he was walking in a narcotics area, at night, near an abandoned building. He observed the defendant behind a wall, with a lighter in one hand and a glass pipe in the other. When the defendant saw the officer, who had turned on his flashlight, he dropped the pipe. After a backup arrived, the officer retrieved the glass pipe, which contained cocaine. He testified at the suppression hearing that he had seen hundreds of crack pipes and that he recognized this as such as soon as he observed the defendant.
We agree with the state that, applying the law to these facts, the officer had reasonable suspicion that defendant was committing a crime. § 901.151, Fla. Stat. (2001); C.A.M. v. State, 819 So.2d 807, 808-09 (Fla. 4th DCA 2002)(determination of reasonable suspicion is based on totality of circumstances and is reviewed de novo). We therefore reverse.
SHAHOOD and GROSS, JJ., concur.