DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA**,
Appellant,

v.

**T.M.,** a child,
Appellee.

No. 4D17-2735

[June 27, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael J. Orlando, Judge; L.T. Case No. 17-1507 DL.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellant.

Carey Haughwout, Public Defender, and Virginia Murphy, Assistant Public Defender, West Palm Beach, for appellee.

LEVINE, J.

It was 8:00 p.m. when a Lauderhill detective observed appellee and two other males standing in front of a vacant townhouse. The detective, who was on routine patrol, continued to watch appellee and the other two individuals. After five minutes, the detective pulled his car up beside appellee and the other two individuals, who remained standing outside the vacant house. The detective greeted the group using a "soft voice."

Upon seeing the detective approach, appellee and the other two individuals fled. They ran through the parking lot as the detective commanded them to stop. But they did not stop—they kept running. During the pursuit, the detective saw appellee reach into his pocket and retrieve a clear plastic bag which he threw onto the ground. The detective finally caught up with appellee, took him into custody, and recovered the plastic bag. The contents of the bag tested positive for cocaine.

At the hearing on appellee's motion to suppress, the detective testified that he had participated in "many operations" in and near the townhouse community where he saw appellee the day of the arrest. Based on his

experience as a narcotics officer for several years and the totality of the circumstances, the detective believed the plastic bag discarded by appellee contained narcotics as soon as he saw it. He explained that, in his experience, clear plastic bags like that one are "indicative of holding narcotics."

After the suppression hearing, the trial court granted appellee's motion to suppress the bag as the fruit of an unlawful search and seizure. We, however, conclude that the trial court erred in granting the motion to suppress and as such we reverse and remand.

We review an order on a motion to suppress by applying a mixed standard of review, deferring to the trial court's factual determinations but reviewing de novo its application of the law to the facts of the case. *Lee v. State*, 868 So. 2d 577, 579 (Fla. 4th DCA 2004).

The trial court found that the detective lacked reasonable suspicion to stop appellee. This conclusion was based in part on the trial court's erroneous interpretation of *R.R. v. State*, 137 So. 3d 535 (Fla. 4th DCA 2014).[1] The state contends that there was reasonable suspicion. Alternatively, the state argues that even if there was no reasonable suspicion, appellee's flight after an officer's command to stop and his subsequent abandonment of the contraband does not constitute an unlawful seizure.

We agree with the state's alternate theory that contraband abandoned during flight from the police is not fruit of an improper seizure and thus not subject to suppression. Due to our agreement, there is no need to determine if there was in fact reasonable suspicion to stop appellee before he discarded the bag.

Both Florida and federal courts have held that reasonable suspicion can arise after a suspect's flight and that illegal contraband abandoned

---

[1] While not dispositive of the issue on appeal, it appears that the trial court misread *R.R.* to create a "holiday season exception" to what circumstances give rise to reasonable suspicion. In *R.R.*, we merely noted that the defendant was seen walking around cars in a parking lot four days after Christmas. Our opinion lists the holiday season and Christmas as potential factual circumstances that the trial court could look at to determine if there was "sufficient reason to conduct an investigatory stop"—not as factors that would lower the reasonable suspicion bar ab initio or create a new exception to the quantum of evidence needed to meet the reasonable suspicion standard. *Id.* at 539.

during flight from police is not properly suppressed as the fruit of a seizure. In *California v. Hodari D.*, 499 U.S. 621, 629 (1991), the United States Supreme Court held that, for Fourth Amendment purposes, the defendant was not seized by police until an officer physically caught up with and restrained him after a chase. As such, the rock of cocaine the defendant tossed away mid-run was not the fruit of any unlawful seizure and should not have been suppressed. *Id.* Moreover, the Supreme Court in *Hodari D.* noted that, if the officer recognized the rock as a rock of cocaine at the time it was discarded, reasonable suspicion would have attached at that point anyway. *Id.* at 624. *Hodari D.* is controlling law in this state pursuant to the conformity clause of the Florida Constitution. *See* art. I, § 12, Fla. Const. ("The right of the people to be secure . . . against unreasonable searches and seizures . . . shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court.").

This court has reached similar conclusions when a defendant discards an item of contraband while fleeing from police. In *Mosley v. State*, 739 So. 2d 672, 674 (Fla. 4th DCA 1999), a defendant began to walk away when he saw police approaching him. The officers pursued the defendant and yelled for him to stop, whereupon he reached into his pocket and discarded an object that both officers immediately recognized as a cocaine pipe. *Id.* We held that the officers developed reasonable suspicion once they recognized the pipe. *Id.* at 675. We also reversed a suppression order in *State v. Grant*, 845 So. 2d 984, 985 (Fla. 4th DCA 2003), because the officer immediately recognized a crack pipe discarded by the defendant.

Based on *Hodari D.*, *Mosley*, and *Grant*, the trial court erred in suppressing the plastic bag as the fruit of an unlawful seizure. Once appellee abandoned the bag—which the detective, based on the totality of the circumstances and his experience, believed contained drugs—the police could lawfully seize it and later introduce it into evidence. For the foregoing reasons, we reverse.

*Reversed and remanded.*

WARNER and TAYLOR, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***