# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4325
_____

JORDAN JOHNSON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

_____

On appeal from the Circuit Court for Leon County.
Robert E. Long, Judge.

July 9, 2019

PER CURIAM.

Jordan Johnson appeals his conviction for carrying a concealed weapon. His only argument on appeal is that the trial court should have granted his motion to suppress. We reject this argument and affirm.

Officers initiated a 2:00 a.m. traffic stop after noticing a headlight out on Johnson's car. Officers then smelled burnt marijuana, detained Johnson, and searched the car. Inside the car, they found the gun that led to the charge.

On appeal, Johnson acknowledges "the long line of cases that hold that the smell of burnt marijuana coming from a vehicle provides an officer with probable cause to detain the defendant and conduct a warrantless search." Init. Br. at 8 (citing *State v. T.P.*,

835 So. 2d 1277 (Fla 4th DCA 2003); *State v. Williams*, 967 So. 2d 941 (Fla. 1st DCA 2007); *State v. Jennings*, 968 So. 2d 694 (Fla. 4th DCA 2007)); *see also State v. Betz*, 815 So. 2d 627, 633 (Fla. 2002) ("As the odor of previously burnt marijuana certainly warranted a belief that an offense had been committed, this unquestionably provided the police officers on the scene probable cause to search the passenger compartment of the respondent's vehicle."). But, he contends, those cases became irrelevant after Florida authorized medical marijuana. In other words, he argues, while the officer's "search based on the odor of marijuana was constitutional prior to the enactment of [§ 381.986, Fla. Stat.], now that medical marijuana is legal, it is no longer a sufficient basis for probable cause." Init. Br. at 7. He does not argue that he is a medical-marijuana user; his argument is that the smell alone is no longer enough since someone might be a medical-marijuana user.

There are several problems with this argument. First, as the State notes, at the time of the stop, Florida's medical-marijuana laws did not authorize *smokable* marijuana, *see* § 381.986(1)(j)(2), Fla. Stat. (2017) (excluding from "medical use" the "use, or administration of marijuana in a form for smoking"), and the officers smelled burnt marijuana. Second, Florida law did not allow use in "a vehicle" other than "for low-THC cannabis." *Id.* § 381.986(1)(j)(5)(b). Third, although Florida law does not criminalize all use of medical marijuana, possession of marijuana remains a crime under federal law. *See* 21 U.S.C. § 812(c); *see also Gonzales v. Raich*, 545 U.S. 1, 27 (2005) (noting that federal controlled substance act "designates marijuana as contraband for *any* purpose; in fact, by characterizing marijuana as a Schedule I drug, Congress expressly found that the drug has no acceptable medical uses"). Fourth, even if smoking marijuana were legal altogether, the officers would have had probable cause based on the fact that Johnson was operating a car. *See* § 316.193(1)(a), Fla. Stat. (criminalizing driving under the influence of drugs).

Finally, even putting all of this aside, the *possibility* that a driver might be a medical-marijuana user would not automatically defeat probable cause. The probable cause standard, after all, is a "practical and common-sensical standard." *Florida v. Harris*, 568 U.S. 237, 244 (2013). It is enough if there is "the kind of 'fair probability' on which 'reasonable and prudent people, not legal

technicians, act." *Id.* (some marks omitted). Here, we cannot say that it would be unreasonable for an officer to conclude there is a fair probability that someone driving around at 2:00 a.m., smelling of marijuana, is acting unlawfully. And this is true whether or not Florida law allows the medical use of marijuana in some circumstances.

In short, Johnson has not shown that the trial court's order denying suppression—an order that comes to us "clothed with a presumption of correctness," *Terry v. State*, 668 So. 2d 954, 958 (Fla.1996)—was wrong.

AFFIRMED.

WETHERELL, WINOKUR, and M.K. THOMAS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Megan Long, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Damaris E. Reynolds and Jennifer J. Moore, Assistant Attorneys General, Tallahassee, for Appellee.