DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**ELIJAH FORTIN,**
Appellee.

No. 4D2023-1460

[March 20, 2024]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County, Thomas Michael Lynch, V, Judge; L.T. Case No. 22-8165CF10A.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellant.

Chad Mason of MK Law, P.A., Fort Lauderdale, for appellee.

CONNER, J.

The State appeals the grant of the defendant's motion to suppress evidence obtained from a vehicle stop based on recent changes in Florida statutory law regarding medical marijuana and hemp. At issue is the continued validity of the plain smell and plain view doctrines in the context of possession of marijuana. Under the facts of this case, we determine as a matter of law that the officer's visual and olfactory perceptions of fresh marijuana provided probable cause for the vehicle search. Thus, we reverse the order granting suppression.

*Background*

The defendant was charged with possession of a firearm by a convicted felon and carrying a concealed firearm. The defendant moved to suppress physical evidence and statements obtained after the traffic stop and search of the vehicle he was driving led to his arrest. The firearm was found under the driver's seat occupied by the defendant.

The vehicle came to the attention of law enforcement because it was obstructing traffic. After the defendant pulled off the road and into a shopping center, the arresting officer initiated the stop. Upon approaching the vehicle, the officer immediately detected the odor of fresh marijuana. He also immediately observed, on the center console, a clear plastic bag containing a green leafy substance, which—based upon his knowledge and experience—was marijuana. Looking at the back passenger floorboard, he observed what his training and experience led him to believe was marijuana residue, referred to as "shake."

The officer asked the female passenger whether there was anything illegal in the vehicle, to which she responded, "No." Despite that answer, the officer felt he had probable cause to conduct a search of the vehicle for illegal drugs. After the occupants were asked to step out of the vehicle, the defendant was placed in a patrol car while another officer conducted the search and found the firearm.

The arresting officer testified that, after the firearm was found, the defendant told the officer he had a medical marijuana card. On cross-examination the officer testified he did not ask the defendant whether he had a medical marijuana card before the vehicle search, because he knew the medical marijuana law requires the patient to keep medical marijuana in the dispensary container in which it is sold. However, the officer admitted he did not know the exact verbiage of Florida's medical marijuana law.

The officer did not testify to observing the defendant to be under the influence of alcohol or drugs at the time of the traffic stop. Thus, the sole bases for probable cause to search were the odor of fresh marijuana and the officer's visual observations of marijuana.

In the motion to suppress and at the hearing, the defendant argued the officer did not have probable cause to search based on the smell of fresh (not burnt) marijuana or his visual observations of the green leafy matter or "shake," because of recent changes in Florida law pertaining to medical marijuana and the legal possession of hemp. Because of those recent changes in the law and the lack of any observation the defendant was impaired, the defendant argued the officers should have first inquired whether he had a medical marijuana card before conducting the search. As support for that argument, the defendant cited *Johnson v. State*, 275 So. 3d 800 (Fla. 1st DCA 2019), *Owens v. State*, 317 So. 3d 1218 (Fla. 2d DCA 2021), and *Hatcher v. State*, 342 So. 3d 807 (Fla. 1st DCA 2022).

2

In response to the State's argument that the officer had probable cause because the marijuana was not in a medical marijuana dispensary container, the defendant argued the medical marijuana statute did not make the patient's failure to keep medical marijuana in the dispensary container a criminal violation, and therefore the possession of medical marijuana in a plastic bag was not illegal.

The trial court agreed with the defendant's arguments in support of the motion to suppress and granted the motion. The State then gave notice of appeal.

*Appellate Analysis*

"We review an order on a motion to suppress by applying a mixed standard of review, deferring to the trial court's factual determinations but reviewing de novo its application of the law to the facts of the case." *State v. T.M.*, 248 So. 3d 172, 173 (Fla. 4th DCA 2018).

Under the "automobile exception" to the general warrant requirement, "police may search a vehicle without a warrant so long as they have probable cause to believe that it contains contraband or evidence of a crime." *Hatcher*, 342 So. 3d at 810 (citations omitted). "Probable cause exists where 'the facts and circumstances within their (the officers') knowledge . . . [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *State v. Tigner*, 276 So. 3d 813, 815 (Fla. 4th DCA 2019) (quoting *State v. Betz*, 815 So. 2d 627, 633 (Fla. 2002)).

In determining whether probable cause exists to search a vehicle, courts must utilize a "totality of the circumstances" approach. *Hatcher*, 342 So. 3d at 810. That approach "allows officers to draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them that 'might well elude an untrained person.'" *Id.* (quoting *United States v. Arvizu*, 534 U.S. 266, 273 (2002)). The approach also avoids courts "dismiss[ing] outright any circumstances that were 'susceptible of innocent explanation.'" *Id.* (quoting *D.C. v. Wesby*, 583 U.S. 48, 60 (2018)).

Generally, the smell of marijuana alone, fresh or burnt, is sufficient to provide probable cause for an officer to search a vehicle. *Tigner*, 276 So. 3d at 816 (holding smell of burnt and fresh marijuana justified search); *State v. Jennings*, 968 So. 2d 694, 696 (Fla. 4th DCA 2007) (holding smell of fresh marijuana coming from windshield visor justified search). However, after amendments to the Florida Statutes authorized the use of

3

medical marijuana and authorized the possession of hemp,[1] the principle that the "smell of marijuana alone" provides probable cause to search has come under scrutiny. That is because both medical marijuana and hemp can now be legally possessed in Florida and, arguably, the smell of either is indistinguishable from illegally possessed marijuana.

Accordingly, as observed by the Second District, under recently enacted Florida statutes, there may be circumstances where "an occupant of a vehicle may have a legitimate explanation for the presence of the smell of fresh (not burning or burnt) marijuana in the vehicle, such as where the individual has a lawful prescription for it, or that the substance is, in fact, hemp." *Owens*, 317 So. 3d at 1219.[2] The advent of medical marijuana and hemp laws has resulted in some defendants challenging the "plain smell"[3] doctrine. In addition to *Owens*, the challenge was raised in *Johnson*, and in *Hatcher*. Significantly, *Hatcher* has a concurring opinion calling into question the continued validity of the "plain smell" alone doctrine in the context of fresh marijuana and hemp.

In the instant case, we do not need to decide whether the smell of fresh marijuana alone gives an officer probable cause to search a vehicle, because in addition to the plain smell of fresh marijuana, the officer saw in plain view, a clear bag containing what appeared to be fresh marijuana, and uncontained flakes of marijuana.

Even if the defendant had advised the officer he had a medical marijuana card prior to the vehicle search, we conclude the officer had probable cause to conduct the search. Section 381.986(8)(e)11.e. and f., and (8)(e)13., Florida Statutes (2022), requires medical marijuana treatment centers to dispense medical marijuana in distinct packaging.

---

[1] In addition to section 381.986, Florida Statutes (2022), authorizing medical marijuana, see the "State hemp program" in section 581.217, Florida Statutes (2019), and the Florida Comprehensive Drug Abuse Prevention Control Act's definition of cannabis in section 893.02(3), Florida Statutes (2021), excluding hemp and medical marijuana from the definition of "cannabis."

[2] The Second District observed that even though evidence of lawful possession of medical marijuana or hemp may support an affirmative defense to a criminal charge, "the smell of marijuana emanating from a vehicle continues to provide probable cause for a warrantless search of the vehicle." *Id.* at 1220.

[3] *See, e.g., State v. Rabb*, 920 So. 2d 1175, 1185 (Fla. 4th DCA 2006) ("Just as evidence in the plain view of an officer may be searched without a warrant, evidence in the plain smell may be detected without a warrant." (quoting *Nelson v. Florida*, 867 So. 2d 534 (Fla. 5th DCA 2004))).

Section 381.986(14)(a), Florida Statutes (2022), requires that medical marijuana must remain in its original packaging. The officer in this case was familiar with the statutory requirements concerning medical marijuana packaging and testified that he believed the marijuana he smelled and observed was not in a medical marijuana dispensing package.

The trial court concluded that because section 381.986(14) does not have a statutory penalty attached to the failure to keep medical marijuana in its dispensary packaging, a medical marijuana patient who takes the prescribed substance out of the dispensary packaging and carries it in some other container is not engaging in criminal behavior. However, such analysis misses the point.

Probable cause is a "flexible, common-sense standard." *Florida v. Harris*, 568 U.S. 237, 240 (2013) (quoting *Illinois v. Gates*, 462 U.S. 213, 239 (1983)). It "turn[s] on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Id.* at 244 (quoting *Gates*, 462 U.S. at 232). The probable cause standard is met if there is "the kind of fair probability on which reasonable and prudent people, not legal technicians, act." *Johnson*, 275 So. 3d at 802 (internal quotation marks omitted) (noting that "the possibility that a driver might be a medical-marijuana user would not automatically defeat probable cause").

In approaching the vehicle in this case, the officer (1) smelled what his experience and training told him was fresh marijuana; (2) observed on the vehicle console a quantity of marijuana in a clear bag rather than in a medical marijuana dispensary package; and (3) observed flakes of marijuana in various locations inside the vehicle. A reasonably cautious person with the same information would believe a fair probability existed that the offense of illegal possession of marijuana had been or was being committed, regardless of the passenger's statement denying illegal activity. Therefore, based on the totality of circumstances known to the officer from his experience and training, the officer, as a matter of law, had probable cause to search the vehicle.

*Conclusion*

Having determined as a matter of law that the officer had probable cause to search the vehicle based on his knowledge, training, and sensory perceptions that yielded a fair probability that the defendant illegally possessed marijuana, we reverse the trial court and remand with instructions to vacate the order granting the motion to suppress.

*Reversed and remanded with instructions.*

GROSS and FORST, JJ., concur.

\*     \*     \*

**Not final until disposition of timely filed motion for rehearing.**